TURNER *vs.* THE WESTERN AND ATLANTIC RAILROAD.

1. A declaration against a railroad for damages alleged as follows: Plaintiff entered one of defendant's trains as a passenger, and took his seat as such.  It was a freight train with the usual cab and accommodations for passengers provided on such trains.  Before entering it, he inquired of the engineer if the latter would stop at Tilton.  The latter replied that he did not know, but that they would stop at Beardsley's, he knew, and plaintiff could walk the balance of the way.  Upon this statement, plaintiff entered the car orderly and decently, with the money to pay his passage, and thereby became a passenger of said company, and entitled to all privileges and treatment incident to that relation.  Being thus situated, the conductor in charge of the train entered, and plaintiff asked him the same question that had been asked of the engineer, when the said conductor and servant of the company, whilst thus being treated with about matters in the line of his duty, and without provocation, cursed, abused and ill-treated plaintiff, striking him over the head and face with a large lantern, from five to seven blows, thereby bruising, wounding and cutting him in the head, face and lips, and finally knocking him out of the car door and causing him to fall across the iron on the track, producing a severe injury of the back and hips, which continues a great source of pain and expense, etc. : *Held*, that this declaration was not an action brought for a breach of contract in not carrying plaintiff as a passenger on defendant's train, but was an action of trespass on the case, and the holding of the judge to the contrary was error.

2. The action being one *ex delicto*, amendments describing the tort more accurately should have been allowed.

3. There was sufficient testimony to carry the case to the jury, and the granting of the non-suit was erroneous.

April 10, 1883.

Railroads. Damages. Negligence. Non-Suit. Actions. Before Judge FAIN. Whitfield Superior Court. October Term, 1882.

To the report contained in the decision, it is only necessary to add, that the testimony on behalf of the plaintiff showed, in brief, the following facts: On the evening of January 6, 1882, plaintiff went to the ticket office of defendant at Dalton to purchase a ticket to Tilton, a station on the road above Dalton. He found the ticket office closed, and went to the track where a freight train was standing. He asked the engineer if that train would stop at Tilton, and stated that if so, he desired to go on it. The engineer replied that it would not stop at Tilton, but would stop at a water tank about a mile before reaching Tilton. Plaintiff then went to the cab to learn of the conductor whether he could go on that train. Not finding the conductor, he sat down in the cab and waited about a minute, when the conductor entered. Plaintiff stated that he desired to go to Tilton, and had thirty cents for that purpose. This amount would have paid for a ticket to Tilton, but the fare without a ticket was forty cents. The conductor said that he could not take plaintiff for thirty cents, and that "he did not intend to be bothered with any damned man on that train that night." Plaintiff told him what the engineer had said about stopping at the water tank, and offered to walk from that point to Tilton. A train hand, who was standing near by, told the conductor that he knew plaintiff; to take him, and if plaintiff did not have money enough, he (the train hand) would pay the balance. The conductor had fifteen cents belonging to the train hand at the time. He refused the offer, however, and made use of other abusive epithets, and upon plaintiff's retorting that he was as much of a gentleman as the conductor, the latter struck him over the head several times with a lantern, knocked him out of the car, bruised him, etc. Plaintiff had taken two drinks of ginger brandy, but was not drunk.

W. K. Moore; S. P. Maddox; T. R. Jones, for plaintiff in error.

R. J. McCamy, for defendant.

Crawford, Justice.

The plaintiff in error brought suit against the Western and Atlantic Railroad Company, alleging that he entered one of the trains of said company as a passenger, and took his seat as such; that the train which he entered was a freight train, with the usual cab and accommodations for passengers provided on trains of that character; that before entering the train, he inquired of the engineer if he would stop at Tilton, to which he replied that he did not know, but that they would stop at Beardsley's, he knew, and that he could walk the balance of the way; that with this statement made to him, he had entered the car orderly and decently, with the money to pay his passage, and thereby become a passenger of said company, and entitled to all privileges and treatment incident to that relation; that being thus situated, the conductor in charge of the train came in, and he asked him the same question that had been asked of the engineer, when the said conductor and servant of the said company, whilst thus being treated with about matters in the line of his duty, and without provocation, cursed, abused and ill-treated him, striking him over the head and face with a large lantern from five to seven blows, thereby bruising, wounding and cutting him in the head, face and lips, and finally knocking him out of the car door, and causing him to fall across the iron on the track, producing a severe injury of the back and hips, which continues a great source of pain and expense, etc. The plea of defendant was, not guilty.

Upon this declaration and plea, the parties went to trial, and after the testimony had closed on the part of the plaintiff, the defendant, by his counsel, moved for a non-suit, upon the ground that the plaintiff's action was for a

v 69—53

breach of contract in not carrying him as a passenger, and the facts shown by the proof were, that he was not a passenger.

To meet this motion for a non-suit, plaintiff's counsel offered to amend his declaration, by adding thereto that the plaintiff was lawfully on said train, under charge of said conductor, and was, while there, beaten by the conductor, while he was trying to negotiate for a passage on the train, and that, while there, he was assaulted and beaten, as aforesaid, without fault on his part. This amendment the court refused to allow; and the plaintiff then further moved to amend as follows: That on the day and year aforesaid, he went into the caboose of defendant's train, having first learned from the engineer that he would stop at the station a mile this side of Tilton, and that he politely asked defendant's conductor if he could ride to the station, when said conductor commenced cursing plaintiff, and then and there struck him over the head several times with a heavy conductor's lantern, and knocked him off the train and shut the door, and that he was greatly bruised and wounded; and that the full amount of fare was then and there offered to the conductor before said cursing and assaulting and beating.

This amendment was also refused by the court, when plaintiff again moved to amend by striking out the word passenger, wherever it occurred in the declaration, which amendment the court likewise refused, and then awarded the non-suit.

The errors assigned are the refusal of the amendments offered, and in ordering a non-suit.

We do not concur with the judge below in holding that the original declaration was an action brought for a breach of contract, in not carrying plaintiff as a passenger on defendant's train, but that it was an action of trespass on the case. There was no allegation of any contract having been made. It is true, plaintiff alleges that he entered the train as a passenger, but this might be done without a

contract, and even if there were doubt arising on the word used in its first connection, he further stated the precise. manner in which he had entered the car—the train being a freight with the usual cab and accommodations for pas- sengers provided on trains of that character—and that was, orderly and decently, with the money to pay his passage, and thereby he became a passenger. To this he adds, that, whilst thus situated, he began to treat with the conductor for his passage, which was a matter in the line of his duty, when the trespass was committed upon him.

Under the facts here set forth, we do not think that the action was for a breach of contract, and that the judge erred in so holding.

The refusal to allow the amendments offered, evidently grew out of the fact that, having held the original suit to be upon a breach of contract, he could not allow amend- ments setting forth causes of action *ex delicto*. We hold that the amendments were germane to the plaintiff's cause of action, and should have been allowed. We are also of opinion that there was testimony sufficient to have sent the case to the jury, and that the judgment of non-suit was erroneous. Whilst we so hold, we are not to be under- stood as holding that under the proof submitted, the de- fendant is liable to respond in damages to the plaintiff for the trespass committed. Its liability depends upon all the facts and circumstances of the transaction, the right of passage on that train according to the custom of the road, the conduct and condition of the plaintiff when aboard the train, and his ability to pay his fare; then, on the other hand, the duty of defendant's agent in allowing him passage according to the custom of the road, his con- duct towards, and treatment of, the plaintiff in matters appertaining to the line of his duty, and whether the tres- pass arose out of the bare presence of the plaintiff on board the car, or from opprobrious words used by him tending to a breach of the peace. The mere fact of a rencontre taking place on board the car of defendant,

between its conductor and another, does not of itself give a right of action to such other person; there must be some breach of duty by the agent, in connection with his obligations as such agent to the person complaining, to entitle him to recover from the defendant. Upon the facts of each case will turn the liability of the defendant to answer for the conduct of its officers in dealing with the public touching the enjoyment of its franchises.

Judgment reversed.