6826.  SMITH *v.* SEABOARD AIR-LINE RAILWAY.

Where an assault by the conductor of a railway-train on a brakeman of the train was committed after discharging him and when the brakeman was starting to get his lantern and leave as directed by the conductor, the assault did not entitle him to maintain an action against the railway company for damages.

DECIDED JULY 11, 1916.

Action for damages; from city court of Savannah—Judge Davis Freeman. July 10, 1915.

*David C. Barrow, Raiford Falligant,* for plaintiff.

*Anderson, Cann & Cann,* for defendant.

WADE, C. J. The plaintiff sued the Seaboard Air-Line Railway and J. H. Featherstone, alleging that he was employed by the

railway company as a brakeman, under its conductor, Featherstone; that in the discharge of his duty he undertook to apply brakes to stop a car "kicked" into a side-track, and thus to prevent it from bumping into another car standing on that track; that he failed, through no fault on his part, to stop it in time to accomplish this purpose; that the said conductor thereupon discharged him from the employ of the railway company and directed him to go to the cab and get his lantern and leave, and that as he started to go in the direction of the cab to get his property therefrom, the said conductor, unlawfully and without any just cause or provocation, assaulted him; that after the train on which he had been employed departed, he attempted to obtain free passage over the railway from that point to his home in Savannah, Georgia, but, failing in this attempt, was compelled to walk the entire distance home. He brought suit for $2,000 damage. The court did not err in sustaining a general demurrer to the petition, interposed by the Seaboard Air-Line Railway. The plaintiff had been discharged by the conductor, to whose orders and control he alleges he was subject, and the relation of master and servant no longer existed between the plaintiff and the railway company when he was assaulted by the conductor without cause or provocation, on his way to get his property out of the cab. A railway company would not be liable for wilful injury by one of its conductors, not committed within the scope of his authority, or in the furtherance of the business of the company, upon a person not a passenger, in an effort of the conductor to punish for what the conductor might consider an offense against him or the company, previously committed. *Georgia Railroad &c. Co.* v. *Wood,* 94 *Ga.* 124 (21 S. E. 288, 47 Am. St. R. 146). The conductor was not at the time acting within the scope of his business, but wholly upon his individual responsibility, for the beating was inflicted not to compel the proper performance of any duty of the plaintiff to the company, or to prevent any failure to perform his duty in the future, but was prompted solely by the personal feeling of irritation and anger excited in the mind of the conductor by the past conduct of one who was no longer connected with the company as an employee at the time the beating was inflicted, and was not in furtherance of any business of the railway, or in the line of the conductor's duty, as in *Higgins* v. *Southern Ry. Co.,* 98 *Ga.* 751 (25

S. E. 837). See *Brown* v. *Smith & Kelly Co.*, 12 *Ga. App.* 214 (76 S. E. 1028) ; *Lewis* v. *Amorous*, 3 *Ga. App.* 50 (59 S. E. 338). *Savannah Electric Co.* v. *Hodges*, 6 *Ga. App.* 470 (65 S. E. 322). The case of *Seaboard Air-Line Railway* v. *Arrant*, 17 *Ga. App.* 489 (87 S. E. 714), is not in point. There "the assault and battery complained of occurred in the office of the defendant company, while the plaintiff was lawfully there for the purpose of transacting, with the agent of the company, business which appertained to his agency, and while actually engaged in the transaction of such business." Furthermore the business was still pending and the assault grew out of the contentions of the two parties in respect to the actual manner of conducting said business.

             *Judgment affirmed.*