## 7967.   CENTRAL OF GEORGIA RAILWAY COMPANY *v.* STEPHENS.

The alleged act of the railway company's employee on its switch-engine, in striking and knocking from the engine to the track his subordinate, who was run over by the engine and killed, did not, under the allegations of the petition, give a cause of action against the company. To render the employer liable in such a case, it must clearly appear not only that the act was done in the prosecution of the employer's business, but also that it was within the scope of the doer's employment and was not prompted solely or primarily by malice.

DECIDED JULY 23, 1917.

Action for damages; from city court of Macon—Judge Guerry. November 16, 1916.

*Jordan & Lane,* for plaintiff in error.   *R. L. Berner,* contra.

LUKE, J. The petition alleged, in substance, that the plaintiff's husband and J. F. Lavender were members of a switching crew in the yards of the Central of Georgia Railway Company, working on a switch-engine, and were engaged in the same work; that the plaintiff's husband was subordinate in authority to Lavender; that the said Lavender was of a cruel and mean nature and often used violence in urging his subordinates, which fact was not known to the plaintiff's husband, but was either known to the railway company or in the exercise of ordinary care in the employment of competent servants could have been known; that at night on January 28, 1916, while the plaintiff's husband and Lavender were upon the footboard of the tender of the switch-engine on which they worked, and while the engine was backing in the yard, engaged in making up trains, Lavender, without any fault upon the part of the plaintiff's husband, began to curse him for cutting cars at too great a rate of speed, and finally struck him with a lantern, knocking him from the footboard of the engine, down upon the track and between the rails, and he was run over by the engine and killed; that the railway company was negligent, and such negligence caused the death of petitioner's husband, for the value of whose life suit is brought; that the railway company was negligent (a) in employing an incompetent, unsafe, and violent tempered man and placing him over the deceased, with full knowledge of his violent characteristics; (b) in not warning the deceased of the violent character and highly ungovernable temper of the said Lavender; (c) in ordering the deceased to work in conjunction with and under Lavender; (d) "that it was the duty of the defendant company to furnish the deceased with a safe place wherein to work and perform the duties assigned to him, and that in ordering him to work under the authority of the said Lavender and subject to his orders was to place him in an unsafe and dangerous place, the dangers of which the deceased was not aware of; and in so doing the defendant was guilty of negligence, which contributed to the injury and death of the deceased."

The petition was subject to the general demurrer, for the reason that no cause of action is set out. In such a case it must clearly appear not only that the homicide was committed in the prosecution of the business of the railroad company, but also that it was within the scope of the servant's employment and was not prompted

solely or primarily by malice. *Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.* 470 (65 S. E. 322) ; *L. & N. Railroad Co.* v. *Hudson,* 10 *Ga. App.* 169 (73 S. E. 30) ; Jones v. St. L., N. & P. Co., 43 Mo. App. 398; 2 Labatt's Master and Servant, § 537; *Smith* v. *Seaboard Air-Line Ry.,* 18 *Ga. App.* 399 (89 S. E. 490). The court erred in overruling the general demurrer.

   *Judgment reversed. Wade, C. J., and George, J., concur.*