28201. ELROD *et al. v.* HULETT.

DECIDED APRIL 25, 1940. REHEARING DENIED JUNE 10, 1940.

*Cecil D. Franklin,* for plaintiffs in error.

*J. R. Whitaker,* contra.

FELTON, J. ■ A writ of error lies to a judgment overruling a general demurrer, notwithstanding the case has proceeded to trial, and though the final judgment is not excepted to nor any motion for a new trial made. *Lowe* v. *Burke,* 79 *Ga.* 164 (3 S. E. 449); *Kitchens* v. *State,* 80 *Ga.* 810 (7 S. E. 209); *Jones* v. *Hurst,* 91 *Ga.* 338 (17 S. E. 635); *Central Railroad & Banking Co.* v. *Denson,* 83 *Ga.* 266 (9 S. E. 788); *Leary* v. *State,* 13 *Ga. App.* 626 (79 S. E. 584), and cit. The motion to dismiss the writ of error is overruled.

■ The original petition was subject to general demurrer because paragraph 7 alleged that the allegations therein were true "upon information and belief." This defect was amendable. *Southern Railway Co.* v. *Rollins,* 45 *Ga. App.* 270 (164 S. E. 216). The judgment giving leave to amend did not provide that the petition should *stand dismissed* unless amended, but that paragraphs 6 and 7 should stand stricken unless amended. While it is true that these paragraphs were automatically stricken when the amendments were not filed in time, the case was still in court, and the petition was amendable. There was still in the petition enough to amend by, and the amendments cured the defects originally existing. The cases cited for the plaintiffs in error, involving orders by which the petitions were automatically dismissed unless amended within a certain time, are not applicable to this case. *Pasco Flour*

*Mills* v. *City Supply Co.,* 23 *Ga. App.* 95 (97 S. E. 558) is not applicable, because in this case there was a *substitution for the stricken paragraphs, by amendment which was allowed before the action was dismissed.* It was not error to overrule the *oral* demurrer to the petition as amended, because such a demurrer is a general demurrer, and it did not raise the question whether a new cause of action was set forth. *Aycock* v. *Williams,* 185 *Ga.* 585 (196 S. E. 54). The petition as amended was not subject to general demurrer. There was no error in overruling the other special demurrers.

■ It was error to refuse to open the default judgment as to Elrod for the reason that a material amendment was filed. The allegations on information and belief in paragraph 7 were changed to positive allegations, and by amendment a different city ordinance was relied on for recovery. A material amendment requires opening of a default as to a party in default. *Tate* v. *Goode,* 135 *Ga.* 738 (70 S. E. 571, 33 L. R. A. (N. S.) 310) ; *Lippman* v. *Ætna Ins. Co.,* 120 *Ga.* 247 (47 S. E. 593) ; *Jones* v. *Grantham,* 80 *Ga.* 472 (5 S. E. 764) ; *Calhoun* v. *Mosley,* 114 *Ga.* 641 (40 S. E. 714). It was not error to overrule the original general demurrer of Moss, or to overrule his special demurrers to the original petition, or to overrule his oral demurrer to the petition as amended. It was error to refuse to open the default as to Elrod and permit him to plead in the cause. The judgment overruling the demurrers of Moss is affirmed. The judgment refusing to open the default as to Elrod is reversed.

*Judgment affirmed in part and reversed in part. Stephens, P. J., and Sutton, J., concur.*