## FRAZIER *v.* SOUTHERN RAILWAY COMPANY.

No. 15381. April 3, 1946.

*Thomas G. Lewis* and *Winfield P. Jones,* for plaintiff.
*Neely, Marshall & Greene,* for defendant.

HEAD, Justice. ■ This case comes to this Court on certiorari from the Court of Appeals. A motion was made to dismiss the writ of certiorari on two grounds: (1) that the writ of certiorari was improvidently granted, since the case, being an ordinary action for personal injury, is not of such gravity and importance as would justify the granting of the writ; and (2) that, upon a fair construction of the decision of the Court of Appeals, it appears that such court has merely reviewed the allegations of the plaintiff's petition and applied the established decisions of the Supreme Court and the Court of Appeals in determining whether or not the employee of the railroad company, alleged to have assaulted the plaintiff, was acting within the scope of his employment and in furtherance of the business of the master.

The application for certiorari assigned error on the judgment of the Court of Appeals: (1) because two material allegations, deleted by the Court of Appeals from its statement of facts, disclosed that the act of Young in assaulting the plaintiff was committed in the prosecution of the master's business and within the scope of his employment; (2) because there were sufficient factual averments disclosing the fact that the act of Young was committed in the prosecution of his master's business, within the scope of Young's employment, and the Court of Appeals erroneously dismissed a petition setting forth a cause of action; (3) that in the instant case the decision erroneously misapplies the decision in *L. & N. R. Co.* v. *Hudson,* 10 *Ga. App.* 169 (73 S. E. 30); and (4) because the Court of Appeals erred in the present case in basing its decision upon *Central of Ga. Ry. Co.* v. *Stephens,* 20 *Ga. App.* 546 (93 S. E. 175), which latter decision, it is contended, is directly contrary to named earlier full-bench decisions of the Supreme Court. It is further insisted that the law as to the master's liability for injuries inflicted by his servant in the commission of a wilful tort is rendered uncertain by the present decision sought to be reviewed, and that the question involved is one of gravity, importance, and great public concern.

Under the Constitution of this State, art. 6, sec. 2, par. 4, the Supreme Court has authority to review any case by certiorari from

the Court of Appeals. Under the rules of the Supreme Court, a judgment of the Court of Appeals will not ordinarily be reviewed because of an assignment of error complaining that the Court of Appeals has erroneously construed the pleadings, nor will it ordinarily review a decision of the Court of Appeals merely because of an assignment of error complaining that the judgment of such court is incorrect. The Supreme Court will review by certiorari cases of great public concern, gravity, and importance. When a conflict in decisions is involved, it then becomes a question for determination by the Supreme Court, under the facts and circumstances of each particular case, whether or not a certiorari will be granted. The motion to dismiss the writ of certiorari in this case is denied.

■ The statement of facts by the Court of Appeals sufficiently sets forth the averments of the plaintiff's petition.

The plaintiff in error (plaintiff in the court below) contends that the decision of the Court of Appeals and the judgment of the superior court adverse to the plaintiff were both based on the decision in *Central of Ga. Railway Co.* v. *Stephens,* supra. Counsel for the defendant in error (defendant in the court below) in their brief state: "The court below based its decision on *Central of Georgia Railway Company* v. *Stephens,* 20 *Ga. App.* 546."

From the facts stated in the *Stephens* case, supra, it appears that two men, employees of the railway company, were engaged in switching cars, working on a switch engine, and while standing on the footboard of the tender of the switch engine, one, without fault on the part of the other, began to curse him for switching cars at too great a rate of speed, and finally struck him with a lantern, knocking him off of the footboard to the tracks, where he was run over by the engine and killed. The wife of the deceased sued the railway company, as master, for the death of her husband, and when the court overruled a general demurrer of the defendant railway company, the case came to the Court of Appeals for review on the ruling on demurrer. The court held: "The petition was subject to the general demurrer, for the reason that no cause of action is set out. In such a case it must clearly appear not only that the homicide was committed in the prosecution of the business of the railroad company, but also that it was within the scope of the servant's employment *and was not prompted solely or*

*primarily by malice. Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.* 470 (65 S. E. 322); *L. & N. Railroad Co.* v. *Hudson,* 10 *Ga. App.* 169 (73 S. E. 30); Jones *v.* St. L., N. & P. Co., 43 Mo. App. 398; 2 Labatt's Master and Servant, § 537; *Smith* v. *Seaboard Air-Line Ry.,* 18 *Ga. App.* 399 (89 S. E. 490). The court erred in overruling the general demurrer." (Italics ours.)

The Code, § 105-108, provides as follows: "Every person shall be liable for torts committed by . . his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary." From the opinion as above quoted, it will be seen that the Court of Appeals substituted the words, "and was not prompted solely or primarily by malice," for the words of the statute, "whether the same shall be by negligence or voluntary." This substitution in language was unauthorized. Courts of last resort must frequently construe the language of a statute, but such courts may not substitute by judicial interpretation language of their own for the clear, unambiguous language of the statute, so as to change the meaning. The word "voluntary" in § 105-108 will cover any or all motives or purposes of the wrongdoer, acting in the scope of his employment, which are not covered by "acts of negligence." The true test is not whether the tort was committed by reason of anger, malice, or ill will, but whether or not it was committed in the prosecution and within the scope of the master's business. If the tort be committed, not by reason of the employment, but because of matters disconnected therewith, the master would not be liable. If the master might defend by showing that at the time of the commission of the tort by his servant upon another, within the course of his employment, the servant acted through anger, malice, or ill will, the purpose of the statute (§ 105-108), making the master liable for voluntary torts, would be defeated in most instances. Torts, assaults, batteries, and abusive treatment generally, are not prompted by a spirit of brotherly love, friendliness, and helpfulness. It is inconceivable that one employee, acting in the scope of his employment, might, with the use of a lantern or other instrumentality, knock a fellow employee from an engine to the tracks, and to his death, in a spirit of love, kindness, and helpfulness, and only thus make the master liable for his voluntary acts.

As to whether or not anger or malice in the commission of a tort is a matter of defense for the master has been settled by prior decisions of this court. In *Central of Ga. Ry. Co.* v. *Brown,* 113 *Ga.* 414, 416 (38 S. E. 989, 84 Am. St. R. 250), it was held: "A master is. liable for the wilful torts of his servant, committed in the course of the servant's employment, just as though the master had himself committed them. This rule applies as well where the master is a corporation as where he is a private individual. . . Some of the courts seem at one time to have been inclined to hold that a master could not be held liable for the wilful torts of his servant, because, it was said, if the servant through *anger or malice* committed an assault upon a person, he ceased for the time being to occupy the position of servant, and acted independently; that, inasmuch as he was not authorized to commit an assault, he did not represent the master in that act but acted as an individual, the master therefore being not liable either in case or in trespass. This argument has long since been exploded. *The theory that one may be a servant one minute, and, the very next minute, get angry, commit an assault, and in that act be not a servant, was too refined a distinction."* (Italics ours.) The above quotation states the correct rule where the servant commits a wilful or a voluntary tort in the prosecution and within the scope of the master's business. In this connection, see *Thompson* v. *Central R. & Banking Co., 54 Ga.* 509; *Gasway* v. *Atlanta & W. P. R. Co., 58 Ga.* 216; *Turner* v. *W. & A. R. Co., 69 Ga.* 827; *W. & A. R. Co.* v. *Turner,* 72 *Ga.* 292 (53 Am. R. 842) ; *Columbus & Rome Ry. Co.* v. *Christian,* 97 *Ga.* 56 (25 S. E. 411) ; *Southern Ry. Co.* v. *James,* 118 *Ga.* 340 (45 S. E. 303, 63 L. R. A. 257) ; *Savannah Electric Co.* v. *Wheeler,* 128 *Ga.* 550 (58 S. E. 10, 10 L. R. A. (N. S.) 1176) ; *Mason* v. *N. C. & St. L. Ry. Co., 135 Ga.* 741 (4) (70 S. E. 225, 33 L. R. A. (N. S.) 280) , and cases cited; *Fielder* v. *Davison,* 139 *Ga.* 511 (3) (77 S. E. 618) ; *Exposition Cotton Mills* v. *Sanders,* 143 *Ga.* 593 (85 S. E. 747) ; *Planters Cotton-Oil Co.* v. *Baker,* 181 *Ga.* 161 (181 S. E. 671).

The above rule is not to be confused with the rule stated by Judge Russell, for the court, in *Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.* 470 (65 S. E. 322), as follows: "If a servant steps aside from his master's business, for however short a time, to do an act entirely disconnected from it, and injury results to another

from such independent voluntary act, the servant may be liable, but the master is not liable." In this connection, see also *Greeson* v. *Bailey*, 167 *Ga.* 638 (146 S. E. 490) ; *Atlanta Baseball Co.* v. *Lawrence*, 38 *Ga. App.* 497 (144 S. E. 351) ; *Atlanta Coca-Cola Bottling Co.* v. *Brown*, 46 *Ga. App.* 451 (167 S. E. 776) ; *Stafford* v. *Postal Telegraph-Cable Co.*, 58 *Ga. App.* 218 (198 S. E. 117). Judge Russell applied the above rule in *Savannah Electric Co.* v. *Hodges*, supra, when the facts showed that Hodges, a conductor, had brought his car to the end of the line, standing within ten feet of a repair or "wire" car. He got off to change the trolley and came between the two cars. Baker, a servant of the defendant, on the wire car, struck at him, knocked the controller, starting the car, and inflicting the injuries sued for. The evidence was in conflict as to whether the plaintiff joined in "skylarking," "joshing," or other play, but it was not in conflict that Baker started the car, not intentionally, but by striking at the plaintiff in a playful manner. The rule in the *Hodges* case had no application to the facts in *Central of Ga. Ry.* v. *Stephens*, supra, since there one employee of the master knocked a fellow employee off of the engine with a lantern because of anger at such employee for "cutting" cars too fast.

In *L. & N. R. Co.* v. *Hudson*, supra, it was held: "A railroad company is not liable in damages for a homicide committed by an employee, where the homicide was not committed in the prosecution of its business and within the scope of his employment, but was his personal act in resenting a real or fancied insult." The facts in the *Hudson* case, as stated by Judge Hill, were: Jackson and Hudson were fellow servants. "Jackson made against Hudson an implied accusation of improper conduct. Hudson resented this accusation by in effect denouncing Jackson as a liar, and Jackson immediately ran to his box on the engine, secured his pistol, and instantly shot and killed Hudson. He shot Hudson, because Hudson called him a liar. It was to resent what he deemed a personal insult. He did not shoot and kill Hudson because in his opinion Hudson had been guilty of cutting off the air-brakes and thus interrupting him in the proper discharge of his official work." On its facts the *Hudson* case is clearly distinguishable from *Central of Ga.* v. *Stephens*, supra.

In *Smith* v. *Seaboard Air-Line Ry.*, 18 *Ga. App.* 399 (supra),

the conductor of a railway made an assault on the brakeman after the latter was discharged. The facts of the *Smith* case clearly distinguish it from *Central of Ga. Ry. Co.* v. *Stephens,* supra.

Since *Central of Ga. Ry. Co.* v. *Stephens,* supra, stated an inaccurate rule as the law, and such inaccurate rule is in conflict with decisions of this court, the incorrect principles stated and the judgment of the court in the *Stephens* case are disapproved.

In *Bussell* v. *Dannenberg Co., 34 Ga. App.* 792 (132 S. E. 230), Judge Bell, for the court, distinguished *Central of Ga. Ry. Co.* v. *Stephens* from that case. In *Atlanta Baseball Co.* v. *Lawrence,* supra, Judge Bell, for the court, cited the *Stephens* case. It appears from the facts in the *Atlanta Baseball Co.* case that a pitcher for the Atlanta team left the playing field and went into the grandstand and assaulted the plaintiff. The facts in that case clearly show a "stepping aside" from the master's business by the servant, and the rule stated in *Savannah Electric Co.* v. *Hodges,* supra, cited in *Atlanta Baseball Co.* v. *Lawrence,* supra, was controlling; and the inaccurate rule (now disapproved), stated in *Central of Ga. Ry. Co.* v. *Stephens,* supra, was not controlling on the facts in that case. The decision in *Atlanta Baseball Co.* v. *Lawrence,* supra, is not affected by the present disapproval of the *Stephens* decision. The writer is unable to find other cases where *Central of Ga. Ry. Co.* v. *Stephens* has been either distinguished or cited. If there is any case where the judgment is controlled by the *Stephens* decision, that case is likewise disapproved.

Decisions by the Court of Appeals establish a precedent for that court and for the superior courts, unless disapproved by the Supreme Court or made obsolete by subsequent statutory enactment. Therefore no criticism of the superior court or of the Court of Appeals in having followed *Central of Ga. Ry. Co.* v. *Stephens,* supra, is made or intended by this court.

■ The Court of Appeals in its opinion in this case held that there was no allegation in the petition, as amended, that the act of Young in assaulting the plaintiff was committed in the prosecution of his master's business, or that said act was within the scope of Young's employment. Counsel for the plaintiff insists that the Court of Appeals in its recital of facts deleted two material allegations on this point. The amendment filed by the plaintiff to his original petition is not without ambiguity. It may be

that counsel is correct in contending that the petition, as amended, shows that, when the plaintiff reported back to Young, he (plaintiff) was acting within the scope of his employment, and that he (Young) was acting "within the course and scope of his employment." Whether or not the petition, as amended, contained a proper general allegation, the specific averments are such as to show that, at the time of the assault by Young on the plaintiff, such assault was made in connection with matters pertaining to the master's business, and not for personal reasons. The petition shows that the assault was made because the plaintiff had followed instructions and worked elsewhere in doing certain wiring work under the direction of Young's superior, and that when the wiring work was completed the plaintiff, in the scope of his employment, reported back to Young, and Young, evidently forgetting the previous instruction to work elsewhere, assaulted the plaintiff for his temporary absence from the work of the master as a "boiler scaler."

We are not unmindful of the rule that on general demurrer the plaintiff's petition will be construed most strongly against him, but there is another rule that the petition must be construed as a whole (*Thomson Development Co.* v. *Crutchfield,* 161 *Ga.* 454, 131 S. E. 154), and the final test of the sufficiency of a petition as against a general demurrer is whether the defendant can admit all that is alleged and escape liability. *Pullman Palace Car Co.* v. *Martin,* 92 *Ga.* 161 (18 S. E. 364) ; *Ga. R. & Banking Co.* v. *Rayford,* 115 *Ga.* 937 (42 S. E. 234). It has been held many times that, where both general and specific averments are made, the latter will control. *Andrews* v. *Central R. & Banking Co.,* 86 *Ga.* 193 (12 S. E. 213, 10 L. R. A. 58) ; *Russell* v. *Central Ry. Co.,* 119 *Ga.* 706 (46 S. E. 858) ; *Doyal* v. *Russell,* 183 *Ga.* 518 (2) (189 S. E. 32) ; *Green* v. *Perryman,* 186 *Ga.* 239 (197 S. E. 880), and cases cited. General averments of liability are unnecessary, if the specific averments of the petition show such liability. Whether or not Young, the servant of the defendant, at the time of the assault on the plaintiff, was acting in the scope of his employment and in the prosecution of the master's business, is a question for the jury's determination, under the specific averments of the petition. *Hudson* v. *Ga. Pacific Ry. Co.,* 85 *Ga.* 203 (17 S. E. 605) ; *Winoker* v. *Warfield,* 136 *Ga.* 742 (71 S. E. 1051).

598

See also *Seaboard Air-Line Ry.* v. *Arrant,* 17 *Ga. App.* 489 (87 S. E. 714); *Great A. & P. Tea Co.* v. *Dowling,* 43 *Ga. App.* 549 (159 S. E. 609) *Friedman* v. *Martin,* 43 *Ga. App.* 678 (2) (160 S. E. 126); *Atlanta Hub Co. Inc.* v. *Jones,* 47 *Ga. App.* 779 (171 S. E. 470); *Personal Finance Co. of Macon.* v. *Whiting,* 48 *Ga. App.* 155 (172 S. E. 111); *Gomez* v. *Great A. & P. Tea Co.,* 48 *Ga. App.* 400 (172 S. E. 750). The petition stated a cause of action, and the Court of Appeals erred in sustaining the judgment of the superior court in dismissing the cause on general demurrer. *Judgment reversed. All the Justices concur.*