## 34132. PARRY v. DAVISON-PAXON COMPANY.

DECIDED SEPTEMBER 13, 1952—REHEARING DENIED OCTOBER 17, 1952.

*Paul T. Chance, Winfield P. Jones,* for plaintiff in error.
*Hull, Willingham, Towill & Norman,* contra.

Worrill, J. (After stating the foregoing facts.) 1. In *Falls v. Jacobs Pharmacy Co.,* 71 *Ga. App.* 547 (31 S. E. 2d, 426), the plaintiff, a former employee of the defendant, who was at the time of the alleged injury employed by Walgreen Company, sought to hold the defendant liable for the action of one of its store managers who allegedly accosted her in the store "in a voracious and abusive manner," loud enough to be heard throughout the store, demanded to know what she was doing in the store, and thereupon unceremoniously pushed her to the door and out of the door, telling her to go to Walgreen's store where she belonged, and to stay away from Jacobs Pharmacy. In affirming the judgment of the trial court in sustaining the defendant's general demurrer this court held, on page 549, as follows: "1. The doctrine of respondeat superior in this State is contained in the provisions of the Code, § 105-108, which reads as follows: 'Every person shall be liable for torts committed by his wife, his child, or his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary.' Thus it will be seen that in order for the master to be liable for torts committed by his servant, the tort-feasor must either have acted by command of the master or the tortious act must have been perpetrated in the prosecution and within the scope of the master's business. There is no liability on the part of the master arising from the mere relationship of master and servant. *Lewis v. Amorous,* 3 *Ga. App.* 50; *Louisville & Nashville R. Co. v. Hudson,* 10 *Ga. App.* 169; *Broome v. Primrose Tapestry Mills,* 59 *Ga. App.* 70. 2. There is a long line of decisions to the effect that if the servant steps aside from his employment and acts without the scope of his master's business, and commits a tort, the master is not liable. *Henderson v. Nolting First Mortgage Corp.,* 184 *Ga.* 724 (193 S. E. 347, 114 A. L. R. 1022); *Georgia Power Co. v. Shipp,* 195 *Ga.* 446; *Savannah Electric Company v. Hodges,* 6 *Ga. App.* 470; *Smith v. Seaboard Air-Line Ry.,* 18 *Ga. App.* 399; *Southeastern Fair Association v. Wong Jung,* 24 *Ga. App.*

707; *Daniel* v. *Excelsior Auto Co.,* 31 *Ga. App.* 621; *Atlanta Baseball Co.* v. *Lawrence,* 38 *Ga. App.* 497; *Heath* v. *Atlanta Beer Distributing Co.,* 56 *Ga. App.* 494; *Niebuhr* v. *Pridgen Brothers Co.,* 56 *Ga. App.* 668; *Plumer* v. *Southern Bell Telephone &c. Co.,* 58 *Ga. App.* 622; *Louisville & Nashville R. Co.* v. *Hudson,* supra. The allegations of the petition negate the essential fact necessary to hold the master liable for the tortious acts of the servant, for the allegations clearly show that the assault was not committed in furtherance of the master's business, but, rather, clearly show the affair to be a personal matter between the manager and the plaintiff." ¸"The true test is not whether the tort was committed by reason of anger, malice or ill will, but whether or not it was committed in the prosecution and within the scope of the master's business." *Frazier* v. *Southern Railway Co.,* 200 *Ga.* 590, 593 (37 S. E. 2d, 774). Construing the allegations of the petition most strongly against the pleader, they show that the alleged acts were outside the scope of the employment of the two truck drivers. The petition alleges that the employees unlawfully and criminally forced their way into the plaintiff's home for the purpose of committing an unlawful act, to wit, either to rob the plaintiff or to commit some grave offense against her person. The employees were not acting in furtherance of their master's business, but were acting outside of the scope of their employment, hence the petition does not set forth a cause of action under the doctrine of respondeat superior.

2. "By ratification of a tort committed for one's benefit, the ratifier becomes liable as if he had commanded it; otherwise if the act was done for the benefit of a third person." Code § 105-109. Here, the allegations of the petition show that the defendant's two employees had departed from the prosecution of the master's business and begun a separate scheme of their own, from which no benefit could possibly inure to the master. "Where the employee was acting exclusively for himself and was not acting at all for the master, and did not profess to be acting for the employer, the mere retaining of the servant after knowledge of his tort would not constitute ratification binding the master." *Reddy-Waldhauer-Maffett Co.* v. *Spivey,* 53 *Ga. App.* 117 (3) (185 S. E. 147). In the same case, on pages 119

and 120, the court held as follows: "He was acting solely for himself; and 'there is no such thing as a master assuming, by ratification, liability for an act of another in which the master had no part.' Knight v. Laurens Motor-Car Co., 108 S. C. 179 (93 S. E. 869, L.R.A. 1918B, 151). 'There can, of course, be no ratification unless the act was done for the master, or at least purported to be done for him.' 39 C. J. 1266, § 1448." Accordingly, the petition set forth no cause of action against the defendant on the grounds of condonation and ratification of the acts of the defendant's employees.

3. The plaintiff amended her petition by adding an additional allegation of negligence as follows: "That on said date and at the time of employing said two truck drivers the defendant knew that they were wholly unreliable criminal characters and that said employees were likely to commit said acts, or by the exercise of ordinary care and diligence the defendant could have easily ascertained the unreliable character of the said two employees; that the defendant was guilty of gross negligence in employing said two truck drivers and in retaining them in its employ both before and after the commission of the unlawful acts aforesaid." No previous record or prior acts of these two employees on which to base this allegation are shown. "The selection of incompetent servants is such an act of negligence as will authorize a cause of action in favor of any person who is injured as the direct and proximate result thereof. See Code, § 66-301; Renfroe v. Fouche, 26 Ga. App. 340 (3) (106 S. E. 303); Estridge v. Hanna, 54 Ga. App. 817 (2) (189 S. E. 364)." Elrod v. Ogles, 78 Ga. App. 376, 384 (50 S. E. 2d, 791). The allegations of the petition show that the two employees did not gain admittance to the plaintiff's home on the basis that they were employees of the defendant, that the fact that they were employed by the defendant did not operate in any way to bring about the injuries complained of, that the same acts could have been performed by any two persons without regard to their employment, and that the alleged negligence of the defendant in hiring the employees was not the proximate cause of the injuries complained of. Thus, the petition sets forth no cause of action on the ground of negligence of the defendant in employing the two truck drivers.

4. The trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*