34422. PRINCE *v.* BRICKELL.

DECIDED FEBRUARY 28, 1953.

*Cumming, Nixon & Eve, Fulcher, Fulcher & Hagler,* for plaintiff in error.

*Mixon & Chambers,* contra.

SUTTON, C. J. ■ A timely writ of error lies to a judgment overruling a general demurrer to the plaintiff's petition, although the case has proceeded to trial. and the final judgment rendered therein has not been excepted to. Where the plaintiff proceeds to trial under such circumstances, he does so at his peril; that is, he takes the risk of having the judgment overruling the demurrer reversed, in which event the trial of the case would be a nullity. Code, § 6-701; *Elrod* v. *Hulett,* 62 *Ga. App.* 659, 661 (9 S. E. 2d, 279); *Lowe* v. *Burke,* 79 *Ga.* 164 (3 S. E. 449); *Jones* v. *Hurst,* 91 *Ga.* 338 (17 S. E. 635). The motion to dismiss the writ of error is without merit.

■ The defendant, G. W. Prince, who is the plaintiff in error here, has neither argued nor insisted upon his exceptions to the overruling of his special demurrers; and therefore these exceptions are treated as abandoned. He contends that the petition does not show that the alleged act of J. O. Prince, in shooting the plaintiff's husband, was done in the scope of his employment or in the prosecution of the defendant's business; that the allegations are insufficient to show a ratification by the defendant of his employee's conduct; and thus that the general demurrer should have been sustained.

It is alleged in the petition that the defendant was operating an establishment where beer, liquor, and food were sold, with dancing and gambling as additional attractions. The public was invited, except that the only persons admitted to the gaming room were those whose activities therein would be profitable to the defendant, and J. O. Prince, the armed keeper of the door to the gaming room, was apparently the final arbiter of this qualification. It is alleged that the plaintiff's husband had been invited to come to the gaming room by another of the defendant's employees some three hours before he was shot and killed; he had indeed been given a printed card, but whether this was for admission, invitation, or mere advertisement, or whether the card was shown to J. O. Prince does not appear.

It is further alleged that J. O. Prince had been placed in

charge of the defendant's gaming room. He was to guard the door to it, to protect the room from intrusion by those who had not obtained his permission to enter, and to eject such persons as he saw fit to remove from the defendant's establishment. Permission to enter was denied to the plaintiff's husband when he attempted to open the door to the gaming room at 3:45 a.m., and J. O. Prince also commanded him to leave. The plaintiff's husband hesitated, and J. O. Prince shot him, inflicting wounds from which he died a few minutes later. In short, the petition shows that the defendant gave J. O. Prince discretion to determine who should enter the gaming room or be turned away from it, and a pistol to enforce his decisions.

Whether J. O. Prince was an agent or a servant makes no difference in applying the doctrine of respondeat superior; if his wrongful acts were in the prosecution of the defendant's business and within the scope of the employment, then the defendant is liable for such tortious conduct of his servant or agent, as the case may be. *Planters Cotton-Oil Co.* v. *Baker*, 181 *Ga.* 161 (181 S. E. 671); Code, §§ 4-311, 4-312, 105-108. The specific allegations of the petition do not plainly and distinctly show that the conduct of J. O. Prince was wholly personal to himself and motivated solely by his own anger, resentment, or vindictiveness, so as to negative the general allegation that such conduct was in the prosecution of the defendant's business, as was the case in *Daniel* v. *Excelsior Auto Co.*, 31 *Ga. App.* 621 (121 S. E. 692), *Atlanta Baseball Co.* v. *Lawrence*, 38 *Ga. App.* 497 (144 S. E. 351), *Atlanta Coca-Cola Bottling Co.* v. *Brown*, 46 *Ga. App.* 451 (167 S. E. 776), *Plumer* v. *Southern Bell Telephone &c. Co.*, 58 *Ga. App.* 622 (199 S. E. 353), *Broome* v. *Primrose Tapestry Mills*, 59 *Ga. App.* 70 (200 S. E. 506), and *Falls* v. *Jacobs Pharmacy Co.*, 71 *Ga. App.* 547 (31 S. E. 2d, 426), which are cited and relied upon by the defendant. See and compare *Central of Ga. Ry. Co.* v. *Brown*, 113 *Ga.* 414, 416 (38 S. E. 989, 84 Am. St. R. 250) ; *Frazier* v. *Southern Ry. Co.*, 200 *Ga.* 590 (37 S. E. 2d, 774). Nor does it matter that the killing of the plaintiff's husband was not beneficial to the defendant. *Savannah Electric Co.* v. *Wheeler*, 128 *Ga.* 550, 554 (58 S. E. 38). And, "If the criminal act of the servant was done within the range of his employment and for the purpose of accomplishing the

authorized business of the master, the latter is liable." *Southern Ry. Co.* v. *James,* 118 *Ga.* 340, 344 (45 S. E. 303, 63 L.R.A. 257).

In *Ford* v. *Mitchell,* 50 *Ga. App.* 617 (179 S. E. 215), the petition, alleging that the plaintiff was shot by the defendant's armed woodsman, employed to keep persons off the defendant's land, failed to state a case because it did not appear that the plaintiff was being kept off the defendant's land when he was shot. In the present case, however, it appears that the plaintiff's husband was being kept out of the gaming room and put off the defendant's premises by J. O. Prince, which was exactly what J. O. Prince was employed to do. Compare *Estridge* v. *Hanna,* 54 *Ga. App.* 817 (189 S. E. 364), where the petition, alleging that the defendant's gamekeeper shot the plaintiff who was carrying a turkey on premises adjoining the defendant's, was held to set out a cause of action.

■ The petition here set out a cause of action against the defendant for the wrongful acts of J. O. Prince, his servant or agent, and the court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Felton and Worrill, JJ., concur.*