35632. MINNESOTA MINING & MANUFACTURING CO. *v.* ELLINGTON.

DECIDED MAY 3, 1955.

*Moise, Post & Gardner, R. Emerson Gardner, Hugh E. Wright,* for plaintiff in error.

*Robert Carpenter, Ferrin Mathews, Joe Browne,* contra.

FELTON, C. J. On demurrer this court must accept as true the allegations which deal with the authority delegated to the employee team manager by his employer, since it is conceivable that there might be circumstances under which the allegations could be true and susceptible of proof. Under the allegations it

would be a question for a jury whether the employee defendant was acting in the prosecution of his employer's business when he committed the alleged tort. The plaintiff in error contends that, since the petition is demurrable because it shows on its face that Warren was not attempting to keep the defendant in error off the field, it follows that his act of hitting the defendant in error after he had started away from Warren had the very opposite effect from that of preventing or shortening interference with the game; and that the petition shows on its face that Warren stepped aside from his duties and did a personal act because of the "back talk" of the defendant in error. We cannot agree with these contentions. In the first place, the test is not what was the effect or result of the employee's act, but whether it was so closely connected with his employment as that it could be found to be a part thereof. We think that, if the defendant in error can establish the duties of the team manager as alleged, it is a jury question whether the employee's conduct was in the prosecution of his duties if the other facts are established as alleged. The fact that the employee had no authority to use force or that he had such authority but used too much would not resolve the question of the employer's liability. If this were true, there could never be a case based on wilful misconduct unless it was actually authorized or ratified, as has been shown in so many cases. Neither would the fact that the defendant in error had started to walk away from the employee manager. As to the other contention of the plaintiff in error, the petition does not show on its face that the assault was provoked solely by "back talk." It is very clearly shown in *Mason* v. *N. C. & St. L. Ry. Co.*, 135 *Ga.* 741 (70 S. E. 225, 33 L. R. A. (NS) 280), that if such conduct on the defendant in error's part was enough to justify the assault, neither the employer nor the employee would be liable; but that, if it did not justify the assault, the master might still be liable and the provocation, less than that constituting justification, could be considered in mitigation of damages, if the assault was found to be in the prosecution of the master's business. The fact that the parties were not on the premises of the employer would not alter the principle involved. The situations in other cases likewise would not alter the principle involved in cases of wilful misconduct because mere action

in excess of actual or implied authority is no defense. We refer to situations where guards or watchmen, with authority to arrest, assault or shoot persons, where employees of common carriers, who have a specific duty to protect passengers, assault passengers, and situations involving assault by employees of hotels, restaurants, bars, stores, etc., where there is a qualified duty of protection on the employer. In a case like the present case, it was the employer's duty to the defendant in error to protect him from the wilful misconduct of the employee while the employee was engaged in the prosecution of the master's business. Neither does the petition show that the motives and conduct of the employee were personal and entirely disconnected from the duties of employment. In *Daniel* v. *Excelsior Auto. Co.*, 31 *Ga. App.* 621 (121 S. E. 692), the provocation did not arise out of a matter connected with the employment. *Southeastern Fair Assn.* v. *Wong Jung*, 24 *Ga. App.* 707 (102 S. E. 32), was in effect overruled in *Planters Cotton Oil Co.* v. *Baker*, 181 *Ga.* 161 (181 S. E. 671), on authority of older cases than the one in which the *Wong Jung* case was affirmed by the Supreme Court on certiorari. *Wong Jung* v. *Southeastern Fair Assn.*, 151 *Ga.* 85 (105 S. E. 847). *Atlanta Coca-Cola Bottling Co.* v. *Brown*, 46 *Ga. App.* 451 (167 S. E. 776), is distinguishable on its face and does not require discussion. *Smith* v. *Seaboard Air-Line Ry.*, 18 *Ga. App.* 399 (89 S. E. 490), in the opinion of the writer, speaking for himself alone, is not distinguishable in principle from *Central of Ga. Ry. Co.* v. *Stephens*, 20 *Ga. App.* 546 (93 S. E. 175), disapproved by the Supreme Court in *Frazier* v. *Southern Ry. Co.*, 200 *Ga.* 590 (37 S. E. 2d 774), but it is contrary in principle to many older Supreme Court decisions and is not controlling. *Georgia Power Co.* v. *Shipp*, 195 *Ga.* 446 (24 S. E. 2d 764), is not a full-bench decision, and is contrary in principle to many older Supreme Court decisions, as is *Plumer* v. *Southern Bell Tel. & Tel. Co.*, 58 *Ga. App.* 622 (199 S. E. 353), and *Broome* v. *Primrose Tapestry Mills*, 59 *Ga. App.* 70 (200 S. E. 506). For cases stating the principle herein stated to be the correct law see cases cited in *Frazier* v. *Southern Ry. Co.*, supra; *Mason* v. *N. C. & St. L. Ry. Co.*, supra; *Schwartz* v. *Nunnally Co.*, 60 *Ga. App.* 858 (5 S. E. 2d 91); *Gilbert* v. *Progressive Life Ins. Co.*, 79 *Ga. App.* 219 (53 S. E. 2d 494); *Prince* v. *Brickell*, 87 *Ga.*

*App.* 697 (75 S. E. 2d 288); and *Exposition Cotton Mills* v. *Sanders,* 143 *Ga.* 593 (85 S. E. 747). The ruling here does not conflict with the principle and decisions to the effect that, if the servant steps aside even for a short time and engages in an act wholly personal, the master is not liable.

The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed.* *Quillian and Nichols, JJ., concur.*