35863. LEDMAN *v.* CALVERT IRON WORKS, INC.

Decided October 11, 1955.

*Reuben A. Garland, Anthony A. Alaimo,* for plaintiff in error.
*J. J. Fine, F. H. Boney, John H. Mobley,* contra.

TOWNSEND, J. Under Code § 105-108 every person (including corporations) is liable for torts committed by his servant within the scope of his business, whether the same shall be by negligence or voluntary. The test is not whether the servant's act is wilful, malicious or unjustifiable, but whether it is done within the range of the employment and for the purpose of accomplishing a business authorized by the employer. *Southern Ry. Co.* v. *James,* 118 *Ga.* 340 (45 S. E. 303, 63 L. R. A. 257); *Estridge* v. *Hanna,* 54 *Ga. App.* 817 (1) (189 S. E. 364); *Exposition Cotton Mills* v. *Sanders,* 143 *Ga.* 593 (85 S. E. 747). "If the assault arose out of the business which the employee was authorized to transact and was so closely connected thereto as to form a part thereof, the company would be liable. If the assault did not so arise and was so remote as to be an act of the employee alone, the master would not be liable." *Schwartz* v. *Nunnally Co.,* 60 *Ga. App.* 858 (5 S. E. 2d 91) and cases cited. A general averment in effect that the act of the employee was committed in the prosecution of the employer's business and within the scope of the employee's authority states a traversable fact and not a conclusion of law. *Gilbert* v. *Progressive Life Ins. Co.,* 79 *Ga. App.* 219, 221 (53 S. E. 2d 494) and cases cited. Such allegation is not contradicted by the pleaded special fact that the employee committed an unjustifiable assault in a moment of anger, since "the theory that one may be a servant one minute, and the very next minute get angry, commit an assault, and in that act be not a servant, was too refined a distinction." *Central Ry. Co.* v. *Brown,* 113 *Ga.* 414, 416 (38 S. E. 989, 84 Am. St. R. 250); *Frazier* v. *Southern Ry. Co.,* 200 *Ga.* 590 (37 S. E. 2d 774).

The petition here, which positively alleges that the defendant's employee had authority generally over the premises, authority to discharge the plaintiff, and also authority to deal with discharged persons on the premises, and which further alleges facts from which the only fair inference is that the plaintiff was assaulted

as the result of an argument over the discharge rather than from any motive personal to the assailants, sets out a cause of action under the authority of the above-cited cases. Two other cases are also strong authority for this decision on their facts. In *Bussell* v. *Dannenberg Co.*, 34 *Ga. App.* 792 (132 S. E. 230) the plaintiff was notified by the defendant employer that he would be discharged effective July 15th; on June 23rd he went to the office of the general manager at the latter's invitation to discuss the matter, and an argument between the men on this subject led to the assault. In *Gilbert* v. *Progressive Life Ins. Co.*, supra, the plaintiff employee had been discharged and returned a week later to pick up his check; the petition alleged that the defendant's agent, acting in the scope of the defendant's business, assaulted him while he was obtaining the address of the defendant's home office for the purpose of procuring the pay check.

*Central of Ga. Ry. Co.* v. *Stephens*, 20 *Ga. App.* 546 (93 S. E. 175) was held by this court not to set out a cause of action where the employee in charge of the plaintiff's husband, a fellow-employee became angry at him for "cutting" cars too rapidly and made an assault which resulted in the latter's death. This decision was disapproved in *Frazier* v. *Southern Ry. Co.*, supra, and the cases upon which it rested were distinguished by the Supreme Court. Among these was *Smith* v. *Seaboard Air-Line Ry.*, 18 *Ga. App.* 399 (89 S. E. 490), the case which the trial court correctly held to be a binding precedent on its facts as to the case here under consideration. In that case it was held that a petition alleging that the plaintiff, a brakeman for the defendant railroad, was discharged by defendant's conductor acting within the scope of his authority and then assaulted while he was going to get his lantern and leave, set out no cause of action, on the ground that "the relation of master and servant no longer existed when the assault was committed" and that the conductor was acting wholly upon his individual responsibility. The *Frazier* case, in disapproving *Central of Ga. Ry. Co.* v. *Stephens*, made no comment upon the *Smith* case other than to distinguish upon this ground. No further distinction was needed for the decision in the *Frazier* case since that dealt with fellow employees and did not involve the element of discharge. However, Chief Judge Felton in *Minnesota Mining & Mfg. Co.* v. *Ellington*, 92 *Ga. App.* 24 (87

S. E. 2d 665) stated that "in the opinion of the writer . . . [the *Smith* case] is not distinguishable in principle from *Central of Georgia Ry. Co.* v. *Stephens,* 20 *Ga. App.* 546 (93 S. E. 175), disapproved by the Supreme Court in *Frazier* v. *Southern Ry. Co.,* 200 *Ga.* 590 (37 S. E. 2d 774) but it is contrary in principle to many older Supreme Court decisions and is not controlling."

Only the element of discharge links the *Smith* case with the case sub judice and separates them from the line of decisions herein cited holding that petitions such as the one here are sufficient to set out a cause of action against the defendant employer on the ground of respondeat superior. We can find no logic which would justify the position that merely because the plaintiff has been discharged, although he has not, under the facts alleged, had a reasonable opportunity to assemble his belongings and leave the premises of his employer, he would cease upon the instant to merit that degree of care which the employer would owe to any invitee or licensee on the premises, which is, at the very least, sufficient time to remove himself therefrom and not to wilfully injure him while he is so engaged. Accordingly, the decision of *Smith* v. *Seaboard Air-Line Ry.,* supra, is expressly overruled insofar as it is contrary to what is here held, and the rule stated in *Bussell* v. *Dannenberg Co.,* supra, and *Gilbert* v. *Progressive Life Ins. Co.,* supra, is here followed.

In reversing this judgment, let us again specifically point out that the trial court, in following *Smith* v. *Seaboard Air-Line Ry.,* supra, upon which he predicated the judgment complained of was bound so to do, he being without authority to overrule it. This court, however, is possessed of that power and for the reasons herein pointed out relating to unsoundness, overrules this case, in accordance with the request of the plaintiff in error so to do.

The trial court erred in sustaining the general demurrer and dismissing the action.

*Judgment reversed. Felton, C. J., Gardner, P. J., Carlisle, Quillian and Nichols, JJ., concur.*