36901. HICKMAN *v.* PAULK *et al.*

DECIDED OCTOBER 30, 1957.

*Jay M. Sawilowsky,* for plaintiff in error.

*John F. Hardin,* contra.

FELTON, C. J. ■ The defendants in error contend that the petition shows that the plaintiff and the defendant Nasworthy were fellow servants at the time of the assault and that since the plaintiff fails to allege in his petition any negligence on their part in the selection or retention by them of the servant, Nasworthy, the petition failed to state a cause of action as to them. The relationship between the parties must be determined on common-law principles and we think that the determination made in the case of *Smith* v. *Seaboard Air-Line Ry.,* 18 *Ga. App.* 399 (89 S. E. 490) determines the question involved here. In that case a railroad conductor discharged a brakeman who, in the opinion of the conductor, had neglected his employment duties. Upon discharging the brakeman, the conductor instructed him to go to the "cab" and get his lantern and leave. Just as the brakeman started in the direction of the cab to get his property therefrom, the conductor assaulted the brakeman. It was held that at the time of the assault the brakeman was no longer an employee of the railroad company. In the instant case, when the plaintiff quit and started to leave the premises of his employers, for the purposes of a common-law action in tort he ceased to be an employee of the defendants Paulk and Montgomery and therefore ceased to be a fellow servant of the defendant Nasworthy. The Court of Appeals in *Ledman* v. *Calvert Iron Works,* 92 *Ga. App.* 733, 737 (89 S. E. 2d 832) overruled the *Smith* case, supra, only in so far as that case held that at the time of the assault the conductor was not acting within the scope of his employment. All other rulings in the *Smith* case, supra, stand unreversed.

■ Since the assault in the instant case grew solely out of a

dispute between the plaintiff and the defendant Nasworthy pertaining to employment duties, etc., it would be a jury question as to whether the assault was so closely connected to the employment as to bring it within the scope of Nasworthy's employment. See *Frazier* v. *Southern Ry. Co.*, 200 *Ga.* 590 (37 S. E. 2d 774); *Ledman* v. *Calvert Iron Works*, 92 *Ga. App.* 733, supra.

The court erred in overruling the general demurrer and in dismissing the action as to the defendants Paulk and Montgomery.

*Judgment reversed. Quillian and Nichols, JJ., concur.*