## KITCHENS *vs.* THE STATE OF GEORGIA.

1. Under sections 4339 and 4347 of the code, the wilful and malicious injuring, wounding, or disfiguring the private parts of a female, with the intention to disfigure the same, is mayhem.
2. Where the indictment alleges that the person whose private parts were injured was a female, that is equivalent to a direct allegation that the injury did not amount to castration.
3. The nature and character of the injury need not be set forth more specifically than in the general words of §4347 of the code.
4. It is needless to bring up the evidence where the sole error alleged is the overruling of a demurrer to the indictment. And the less surplusage in the record the better.

July 11, 1888.

Indictment. Criminal law. Practice in Supreme Court. Before Judge KIBBEE. Montgomery superior court. October term, 1887.

Thomas J. Kitchens was indicted for the offence of mayhem. The material parts of the indictment were as follows:

"For that the said Thomas J. Kitchens, on the 30th day of May, in the year 1887, in the county aforesaid, did then and there, unlawfully and with force and arms, wilfully and maliciously injure, wound and disfigure the private parts of one Janie Toler, the said Janie Toler then and there being a female, with intention then and there to disfigure said private parts by then and there with a certain knife cutting said private parts."

The State and the accused having announced ready for trial, before the case went to the jury the accused demurred to the indictment:

(1) Because the offence charged could not be committed on a female.

(2) Because there was no sufficient specification of the nature and character of the injury inflicted.

(3) Because of a failure to negative the fact that the injury inflicted did not amount to castration, and thus negative the proviso or exception contained in the section of the code under which said indictment is had.

The demurrer was overruled, and defendant was convicted. He excepted to the judgment overruling the demurrer.

D. M. ROBERTS, V. E. McLENDON and H. W. CARSWELL, for plaintiff in error.

C. C. SMITH, solicitor-general, by J. H. MARTIN, for the State.

BLECKLEY, Chief Justice.

1. "Mayhem shall consist in unlawfully depriving a person of a member, or disfiguring or rendering it useless." Code, §4339. "If any person shall unlawfully, and without sufficient cause or provocation, cut out or disable the tongue, put out an eye, slit or bite the nose, ear or lip, or cut or bite off the nose, ear or lip, or castrate, or cut, or bite off, or disable any other limb or member of another, with intention in so doing to maim or disfigure such person, or shall voluntarily, maliciously, and of purpose, while fighting or otherwise, do any of these acts, every such person shall be guilty of mayhem." *Id.* §4340. Section 4341 prescribes the penalty for cutting out or disabling the tongue; section 4342, for putting out an eye; section 4343, for putting out both or the only eye; section 4344, for slitting or biting the nose, ear or lip; section 4345, for cutting or biting off the nose, ear or lip; section 4346, for castration. Then section 4347 declares: "A person convicted of wilfully and maliciously injuring, wounding or disfiguring the private parts of another, with the intention aforesaid, whilst fighting or otherwise, which injury, wounding or disfiguring do not amount to castration, shall be punished," etc. The question is, whether the private parts of females are protected against wounding or disfiguring, or whether the protection extends to males only. The military or combative importance of the organ injured or destroyed, to which the old common law had

special regard, is of no significance whatever as a constituent of mayhem under our code. Whether capacity for attack or defence has been lessened by the maiming, is utterly immaterial and irrelevant. The code looks not to fighting, to giving and shunning blows, but to maintaining the integrity of the person, the natural completeness and comliness of the human members and organs, and the preservation of their functions. It is certain that as to every specific organ or member designated by name as the subject of mayhem, both sexes are included; then, why are not both included under the terms, "private parts of another"? It is true that the male alone has the testicles, and only upon him could the statute be violated by castration; but will that difference, or any other difference in the private parts of the two sexes, warrant a construction of these terms, either to the effect that the female has no private parts, or that they are less sacred than those of the male? Each sex has private parts appropriate to its own functions; this we know as a matter of fact, and cannot ignore it in exploring legislative intention. It would be simple nonsense for us to hold that in contemplation of law a female has no private parts. And why should we conclude that, having them, they are less protected by law against being injured, wounded or disfigured than those of the male? Whether for the sake of utility or appearance, hers are as much within the letter and spirit of the statute as his. There is no better reason for protecting by penalties the genital organs of a man than those of a woman. We think they are both equally included in the section of the code we are construing.

2. In alleging that the person injured was a female, the indictment by necessary implication negatives castration. No injury could be committed upon a woman which would amount to castration.

3. The indictment was not bad because the nature and character of the injury were not more particularly described. An indictment is sufficient which describes the offence in

the language of the code, or so plainly as to be easily understood by the jury. Code, §4626. Here the indictment used the very words of the code in stating the offence, and setting forth the acts constituting it.

What we have said disposes of the case, and the result is that the court did not err, but decided correctly, in sustaining the indictment and overruling the demurrer.

4. We deny the motion to dismiss the writ of error because the evidence was not brought up. The sole error alleged was in overruling the demurrer. The evidence could be of no use in reviewing the judgment disposing of the demurrer, and hence if found in the record here, would be a mere excrescence and encumbrance. The irrelevant, if felt at all, is always in the way. To have to think of it is a needless tax upon attention. It is best for the record to contain no superfluous matter, and if any, the less the better.

Judgment affirmed.