## 64416. WELCH v. THE STATE.

BANKE, Judge.

The appellant appeals his conviction for selling marijuana in violation of the Controlled Substances Act. *Held:*

1. The evidence was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt. See generally *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980). Although the two police witnesses who identified the appellant as the seller gave somewhat conflicting accounts of the circumstances surrounding the sale, it is a fundamental rule of appellate review that any conflict in the testimony of the witnesses, including the state's witnesses, is a matter of credibility for the jury to resolve. See, e.g., *Searcy v. State,* 236 Ga. 789, 790 (225 SE2d 311) (1976).

2. The trial court did not commit reversible error in charging the jury on the law relating to parties to crime, as set forth in Code Ann. § 26-801. Although the only other person besides the appellant who could possibly have participated in the sale was determined to be incompetent to testify, apparently due to a mental deficiency, there is no reasonable possibility that the charge on parties to crime misled the jury or permitted the appellant's conviction on an erroneous theory. The appellant was charged with selling marijuana to a named undercover agent, and the agent testified that the appellant had conducted the transaction personally. In the context of the evidence presented in this case, it is "highly probable" that the error complained of did not contribute to the verdict. See generally *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 8, 1982.

*Philip Louis Ruppert,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, George Robinson, Jr., Assistant District Attorneys,* for appellee.