## A00A1900. SILVERS v. THE STATE.
(538 SE2d 135)

ELDRIDGE, Judge.

A Bartow County jury found Brandi Kay Silvers guilty of aggravated battery arising from an incident wherein 18-year-old Silvers became angry with the 16-year-old victim and punched her repeatedly in the face.[1] Silvers appeals by challenging the sufficiency of the evidence to support the conviction and by alleging error in the trial court's charge. Having reviewed the enumerated errors, we affirm.

1. Silvers contends that evidence of the victim's "disfigurement" was insufficient to support a conviction for aggravated battery. We disagree.

"To constitute the crime of aggravated battery, there is no requirement that, in addition to being 'serious,' the disfigurement of a victim be permanent."[2] Whether an injury constitutes "serious disfigurement" is a jury question.[3] Here, the evidence showed that Silvers shattered the victim's nasal bone and caused permanent injury to the victim's sinuses. In addition, the State introduced photographs of the victim's black eyes, bruised face, and severely swollen nose, which injuries were sustained from the beating she received at Silvers' hands. Accordingly, "[t]he evidence in this case demonstrates, at the very least, serious *temporary* disfigurement to the victim," and Silvers' challenge to the evidence fails as a consequence.[4]

2. Acting on a jury request for a layman's definition of "malicious" as it applies to aggravated battery,[5] the trial court properly recharged the jury that such malice is to "unlawfully act without justification, or excuse or mitigation." Thereafter, the court briefly explained each of the terms "justification," "excuse," and "mitigation." Silvers now claims error in the trial court's explanations and contends that "the Court devoted inordinate time and emphasis to the term 'justification' as compared to the other two terms." She claims that such emphasis prejudiced her defense which was based upon "mitigation," not "justification." We find this contention meritless.

(a) In her Requests to Charge, Silvers asked for a jury instruction on "justification," with no corresponding request to charge on

---

[1] The jury also returned a guilty verdict on a count of simple battery, which was merged into the aggravated battery count at sentencing.

[2] *In the Interest of H. S.*, 199 Ga. App. 481 (405 SE2d 323) (1991).

[3] *Keef v. State*, 220 Ga. App. 134, 137 (469 SE2d 318) (1996).

[4] (Citations and punctuation omitted; emphasis in original.) *In the Interest of H. S.*, supra at 481.

[5] A person commits the offense of aggravated battery when he or she *maliciously* causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof. (Emphasis supplied.) OCGA § 16-5-24 (a).

"mitigation." In its original charge to the jury, the trial court fully charged on "justification" pursuant to Silvers' request, without any reference to "mitigation." Thus, the emphasis placed on "justification" in the trial court's original charge — a charge Silvers requested and to which she does not object — precludes any serious consideration that an equal emphasis during the trial court's recharge somehow prejudiced Silvers' defense.

(b) In her trial testimony, Silvers admitted that she had no justification or mitigation for her acts:

> [Silvers:] She [victim] was sitting in the car, but she had opened the door and we had talked, and then I hit her.
> [DA:] Punched her in the face.
> [Silvers:] Yes, ma'am.
> [DA:] With your fist.
> [Silvers:] Yes, ma'am.
> [DA:] Because you were mad.
> [Silvers:] I was [emotionally] hurt.
> [DA:] And mad at J.
> [Silvers:] Not really mad. I do believe it was just because of hurt.
> [DA:] And you felt like you were justified to go punch out J.
> [Silvers:] Really it wasn't my place to hit her, but I did.

Accordingly, given the evidence against Silvers and the lack of evidence in "mitigation," including Silvers' admission on the stand that she hit the victim while they were just talking when "it wasn't my place to hit her," it is highly probable that the recharge about which Silvers complains did not contribute to the verdict.[6]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 7, 2000.

*Donald C. Evans, Jr.*, for appellant.
*T. Joseph Campbell, District Attorney, Pamela D. Brophy, Assistant District Attorney*, for appellee.

---

[6] See *Stephens v. State*, 232 Ga. App. 738, 740 (503 SE2d 643) (1998).