## A01A1345. BYRD v. THE STATE.
(553 SE2d 380)

MILLER, Judge.

A jury found Anthony Byrd guilty of aggravated battery. Citing insufficiency of the evidence and alleged juror misconduct, Byrd moved for a new trial, which after two evidentiary hearings was denied. He appeals on the same grounds. Discerning no error, we affirm.

1. Regarding sufficiency of the evidence, an appellate court does not weigh the evidence nor determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[1] i.e., whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Construed in favor of the verdict, the evidence shows that in retaliation for his wife's unfaithfulness, Byrd maliciously bit her clitoris while performing cunnilingus upon her. She vehemently protested, but he struck her, forced her down, and again bit, this time severing a portion of her clitoris. The victim experienced bleeding, scarring, abrasion, and pain to her genital area.

The crime charged here was aggravated battery, which requires a showing that the accused maliciously caused bodily harm to the victim by depriving her of a member of her body, by rendering a member of her body useless, or by seriously disfiguring her body or a member thereof.[2] Byrd contends that none of these three methods was shown.

At least the third method was shown. Serious disfigurement refers to gravely or greatly impairing or injuring the appearance of a member of a victim's body, even if only temporarily.[3] Biting off a portion of a member of the victim's body may qualify as disfigurement.[4] The genital organs of a woman are members of her body protected by this statute from disfigurement.[5] For example, contusions at and tearing of the vaginal canal can constitute serious disfigurement under the statute.[6] Thus, severing a portion of the victim's clitoris, which according to the evidence would not regenerate and which carried a scar, constituted evidence from which a jury could find serious disfigurement.[7]

Byrd argues that since the clitoris is not immediately visible, no disfigurement could be shown. The vaginal canal is not immediately visible, but injury to it has sufficed under the statute.[8] Moreover, recent decisions of this Court have held that damage to internal organs of the victim, such as severe and permanent damage to the victim's liver and spleen[9] or a stab wound to the heart,[10] could constitute serious disfigurement. Thus, immediate visibility is not an

---

[2] OCGA § 16-5-24 (a).

[3] *Ganas v. State*, 245 Ga. App. 645, 646 (1) (a) (537 SE2d 758) (2000).

[4] *Mathis v. State*, 66 Ga. App. 111, 112 (17 SE2d 194) (1941) (biting off a substantial portion of a victim's nose qualified as disfigurement under the predecessor mayhem statute); cf. *Drayton v. State*, 167 Ga. App. 477 (1) (306 SE2d 731) (1983) (biting off ear was aggravated battery).

[5] See *Kitchens v. State*, 80 Ga. 810, 812 (1) (7 SE 209) (1888) (interpreting predecessor mayhem statute).

[6] *Crawford v. State*, 257 Ga. 681, 688-689 (6) (362 SE2d 201) (1987).

[7] See *Grace v. State*, 210 Ga. App. 718, 719 (2) (437 SE2d 485) (1993) (whether small scar constituted serious disfigurement was jury question).

[8] See *Crawford*, supra, 257 Ga. at 688-689 (6).

[9] *Allen v. State*, 247 Ga. App. 10, 16-17 (4) (b) (543 SE2d 45) (2000).

[10] *Wright v. State*, 243 Ga. App. 167, 168-169 (532 SE2d 724) (2000).

essential element of showing serious disfigurement.[11] The evidence here sufficed to sustain the aggravated battery conviction.

2. Following the trial, evidence surfaced suggesting that prior to or during deliberations, one of the jurors may have accessed her hospital employer's records to inquire into Byrd's treatment at the hospital. Citing juror misconduct, Byrd moved for a new trial. The court conducted two evidentiary hearings on the matter, in which all twelve jurors as well as the defendant testified. Denying the motion for new trial, the court found that no such misconduct had occurred and that in any case none of the jurors had even heard of such possible outside information until after deliberations were complete and the verdict was returned. Byrd contends that the court erred.

Byrd correctly argues that prejudice to the defendant is presumed when juror misconduct is shown and that the burden is on the prosecution to prove that no harm occurred.[12] But the prosecution's burden is shouldered only *after* the misconduct is shown.[13] Whether such misconduct is shown is a question of fact for the trial judge, whose findings we will not disturb "unless clearly erroneous or wholly unsupported by the evidence."[14] Indeed, "motions for new trial because of improper conduct of jurors or parties are addressed to the sound discretion of the trial judge. Unless there is an abuse of discretion, the appellate court will not upset the trial judge's determination."[15]

Evidence supported the court's determination that no misconduct occurred. The juror who allegedly accessed the outside information adamantly denied having done so, and all of the jurors testified that no such information was brought up during deliberations. Thus, we will not disturb the trial court's finding that no misconduct occurred.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 3, 2001.

*Teddy L. Henley, Christopher A. Frazier*, for appellant.

---

[11] See *Wade v. State*, 261 Ga. 105 (1) (401 SE2d 701) (1991) (majority opinion did not accept dissent's position that an under-the-hair injury to scalp was not disfigurement under the aggravated battery statute).

[12] *Davitt v. State*, 232 Ga. App. 427, 428 (3) (502 SE2d 300) (1998).

[13] Id.

[14] (Citations omitted.) *Adkins v. State*, 164 Ga. App. 273, 275 (3) (297 SE2d 47) (1982); see *Tharpe v. State*, 262 Ga. 110, 111 (4) (b) (416 SE2d 78) (1992) (whether improper juror contact occurred is question for the trial court); *Hand v. State*, 205 Ga. App. 467-468 (1) (422 SE2d 316) (1992) (whether juror misconduct took place is fact question for trial court).

[15] (Citations and punctuation omitted.) *Bldg. Materials Wholesale v. Reeves*, 209 Ga. App. 361, 364 (3) (433 SE2d 346) (1993).

*Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.