## A01A1409. NATION v. THE STATE.
### (556 SE2d 196)

PHIPPS, Judge.

Bobby Leon Nation was convicted of possession of marijuana with intent to sell and possession of more than one ounce of marijuana. He was sentenced as a recidivist. On appeal, Nation claims that the trial court erred by: (1) allowing the State to introduce similar transaction evidence; (2) denying Nation's motion to suppress; (3) allowing evidence of a taped conversation between Nation and his co-defendant, Michael Davis, who was convicted of possession of less than one ounce of marijuana; (4) charging the jury on parties to a crime; (5) failing to charge the jury on equal access and (6) sentencing him as a recidivist. Finding no harmful error, we affirm.

In April 2000, the Rome-Floyd Metro Task Force executed a search warrant for Davis's residence and curtilage. When Investigator Couey approached the residence, he observed Nation facing the side door of a garage behind the residence, carrying beer and a white

---

[14] OCGA § 10-1-373 (a).

plastic bag. As Couey drove into the driveway, he saw Nation leaning into the front driver's side of a station wagon parked in front of the garage. Nation then moved away from the car and shut the door. Couey detained Nation and informed him that he was there to execute a search warrant.

Task force investigators searched the residence and seized approximately 18 grams of marijuana and a handgun from Davis's bedroom. They also seized $2,111 from Nation's pocket. After the residence search was completed, Couey asked Nation who owned the station wagon. Nation denied ownership although a key to the car was found in his possession. When Couey searched the car, he found a white bag and two smaller plastic bags, which contained 51.6 grams of marijuana, protruding from under the driver's seat. A search of the garage revealed a small set of scales and a small vacuum that emitted a strong odor of marijuana when its top was removed.

After the search, Nation and Davis were arrested, handcuffed, placed in the backseat of Officer Blalock's patrol car and left unattended. Their ensuing conversation was surreptitiously recorded, and the taped conversation was played for the jury. During the conversation, Nation said, "I'm going to put that right here. Pull that sock back up." After reviewing the tape, Blalock immediately searched the backseat of his patrol car and found wedged in the crevice of the seat a sandwich bag containing 9.1 grams of marijuana. He testified that his normal practice is to search his car at the beginning of every shift and every time someone exits the backseat.

The State introduced evidence of a similar transaction involving a search of Nation's residence by Couey in March 1999. Prior to the search, Couey located Nation at the garage behind Davis's residence. Couey informed Nation of the warrant and drove him to the residence. At some point, Nation told Couey that he had two bags of marijuana in the kitchen. While searching Nation's residence, task force investigators located the marijuana (a total of 15 grams) and a small set of scales identical to the scales found in the garage in the present case. They also found $914 in Nation's wallet. Couey testified that Nation told him that he was not working at the time and that he sold marijuana to help pay the bills. Before the similar transaction evidence was presented, the court instructed the jury that it was being admitted for the limited purpose of proving identity, state of mind and intent with respect to the elements of the offenses charged in this indictment and that it pertained only to Nation.

1. Nation challenges the admission of the similar transaction evidence, arguing that it was not sufficiently similar to prove bent of mind or course of conduct. His defense in this case was his lack of knowledge or possession of any of the marijuana seized in the searches.

We review a trial court's findings on the question of similarity under the clearly erroneous standard.[1]

> "Independent crimes are admissible to show motive, intent, plan, identity, bent of mind or course of conduct. In order for any independent acts to be admissible[,] it must be shown that the defendant was the perpetrator of the independent crime and that there is sufficient similarity of the former independent crime that it tends to prove the latter crime."[2]

Although termed "similar transactions," "[t]he ultimate issue in determining the admissibility of evidence of other crimes is not mere similarity but relevance to the issues in the trial of the case."[3] The independent crime and the charged offense need not be identical in character if there is a sufficient connection between them.[4] "[And] '[d]rug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.' "[5]

Here, both crimes involved possession of marijuana and possession of or access to scales that could not weigh anything heavier than four ounces. In addition, the State presented evidence that Nation was carrying large amounts of cash on both occasions and that he had admitted that he sold marijuana. The trial court's conclusion that the crimes were sufficiently similar to justify admission of the prior offense was not clearly erroneous.[6]

2. Nation sought to suppress the marijuana seized from the station wagon outside the garage because it was outside the scope of the search warrant. The trial court ruled that Nation had no standing to object and that, even if he did have standing, the officers had probable cause to search the car.

Prior to the search, Nation told Couey that the car did not belong to him, that he did not know who owned it and that he did not have a key to it. At the motion to suppress hearing, Nation testified that his sister-in-law had told him that someone was bringing a car down for him to service and would leave it outside the garage. He stated that he had taken a set of keys from the drop box outside the garage, but did not know they belonged to the station wagon. At trial, Nation tes-

---

[1] *Tate v. State*, 230 Ga. App. 186, 188 (2) (495 SE2d 658) (1998).
[2] (Citation omitted.) *Jones v. State*, 236 Ga. App. 330, 332 (1) (b) (511 SE2d 883) (1999).
[3] *Williams v. State*, 251 Ga. 749, 784 (4) (312 SE2d 40) (1984).
[4] *Wells v. State*, 237 Ga. App. 109, 113 (4) (514 SE2d 245) (1999).
[5] (Footnote omitted.) *Evans v. State*, 235 Ga. App. 577, 581 (3) (510 SE2d 313) (1998).
[6] See *Tate*, supra.

tified that he did not discover to whom the car belonged until the day after the search and that he did not know what was in the white bag the investigators retrieved from the car.

We must construe the evidence most favorably to support the trial court's ruling on a motion to suppress.[7] When a defendant " 'disavows ownership of or other legitimate possessory interest in the item searched, he has no legitimate expectation of privacy in that item, and thus a search violates no right.' "[8] Nation claimed neither an ownership nor a possessory interest in the station wagon or the marijuana found in the station wagon. Thus, the trial court properly ruled that he lacked standing to challenge the search.[9]

3. Nation claims that the trial court erred by admitting the taped conversation between him and Davis in the back of the police car because the conversation was taped without his knowledge or permission. At trial, Nation argued that the taping was improper because he had a reasonable expectation of privacy while in the police car.

In *Burgeson v. State*,[10] the Supreme Court of Georgia addressed a similar claim and held that a person seated in a police car has no reasonable expectation of privacy. Here, as in *Burgeson*, "there is no evidence that the police did anything to foster a belief that post-arrest conversation in the back seat of the patrol car would be private in any regard."[11] The trial court did not err by admitting the taped conversation.

4. Nation claims that the trial court erred by charging the jury on parties to a crime because all of the marijuana seized in this case was possessed solely by one person.

A charge on parties to a crime is error only where there is insufficient evidence, circumstantial or otherwise, to support the theory.[12] Here, the task force located marijuana in three separate locations — the station wagon, Davis's bedroom and the police car. There was no evidence tying Davis to the marijuana in the station wagon and no evidence tying Nation to the marijuana in Davis's bedroom. As for the marijuana found in the police car, there is no evidence that it was possessed jointly by Nation and Davis. Thus, we agree that the facts do not support a charge on parties to a crime.[13]

---

[7] *Henderson v. State*, 211 Ga. App. 102, 103 (2) (438 SE2d 181) (1993).

[8] (Footnote omitted.) *Scandrett v. State*, 244 Ga. App. 200, 201 (534 SE2d 908) (2000).

[9] *Albarran v. State*, 249 Ga. App. 331, 332 (1) (548 SE2d 440) (2001).

[10] 267 Ga. 102, 106-107 (3) (d) (475 SE2d 580) (1996).

[11] Id.; see *United States v. McKinnon*, 985 F2d 525, 527 (11th Cir. 1993) (relied on in *Burgeson*; under federal law, a person seated in a police car has no reasonable expectation of privacy).

[12] *Evans v. State*, 138 Ga. App. 460, 461 (3) (226 SE2d 303) (1976).

[13] See OCGA § 16-2-20.

But where there is no reasonable possibility that an erroneous charge on parties to a crime misled the jury or permitted a defendant's conviction on an erroneous theory, the error is harmless.[14] By its verdict, the jury demonstrated its ability to differentiate between the marijuana linked to Nation and that linked to Davis. The indictment charged Nation and Davis with possession of marijuana with intent to sell and possession of more than one ounce of marijuana. The jury found Davis not guilty of possession of marijuana with intent to sell and guilty of possession of less than one ounce of marijuana. Nation was found guilty of possession with intent to sell and possession of more than one ounce of marijuana. The only marijuana that weighed more than one ounce was found in the station wagon, and evidence was presented linking that marijuana to Nation, not to Davis. Nation has failed to show any harm caused by the erroneous charge, and we find it "highly probable" that the error did not contribute to the verdict.[15]

5. Nation argues that the trial court erred by failing to charge the jury on equal access because other people owned and had access to the station wagon and the garage.

"The equal access rule, entitling a defendant to acquittal where evidence is presented that others had equal access to a vehicle or that the vehicle had recently been used by others, applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle."[16] "It is simply a defense available to the accused to whom a presumption of possession flows."[17]

Because the State made no attempt to show that Nation owned or had exclusive control of the station wagon or the garage, no presumption of ownership arose and there was no triggering of the equal access defense.[18] Thus, the trial court did not err by failing to charge the jury on equal access.[19]

6. Nation was indicted and sentenced as a recidivist. He claims that because he was not provided with a copy of the prior conviction before sentencing, the trial court should not have sentenced him as a recidivist.

OCGA § 17-10-2 (a) requires that any evidence in aggravation be disclosed by the State to the defendant prior to trial for such evidence to be admitted at a presentence hearing. Here, the indictment con-

---

[14] *Welch v. State*, 163 Ga. App. 383 (2) (294 SE2d 596) (1982).

[15] Id.; see also *Barnes v. State*, 164 Ga. App. 631, 632 (1) (298 SE2d 311) (1982).

[16] *Wright v. State*, 194 Ga. App. 739, 741 (2) (391 SE2d 791) (1990).

[17] (Citations and punctuation omitted.) *Jackson v. State*, 216 Ga. App. 842, 845 (2) (456 SE2d 229) (1995).

[18] Id.

[19] Id.

tained a separate count charging Nation with recidivism based on a January 21, 1986 conviction for violating the Georgia Controlled Substances Act. Under the circumstances, he cannot claim lack of notice.[20]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 5, 2001 —
RECONSIDERATION DENIED NOVEMBER 29, 2001.

*James C. Wyatt*, for appellant.
Bobby L. Nation, *pro se.*
*Tambra P. Colston, District Attorney, Charles S. Cox, Assistant District Attorney*, for appellee.

---

[20] *Newton v. State*, 154 Ga. App. 98, 100 (2) (267 SE2d 641) (1980); see *State v. Hendrixson*, 251 Ga. 853, 854 (310 SE2d 526) (1984) (the only reason for including prior convictions in an indictment is "to give to the accused unmistakable advance warning that [they] will be used against him at sentencing").

