## A02A0182. OW v. THE STATE.
### (564 SE2d 512)

MIKELL, Judge.

In a two-count indictment, Benedict Leng Chee Ow was charged with felony obstruction of an officer and speeding. At trial, the state declined to prosecute the speeding charge, and the jury found Ow guilty of misdemeanor obstruction. On appeal, Ow contends that his conviction cannot stand because the trial court erred in excluding an audiotape from evidence and in charging the jury that the speeding offense was irrelevant to the obstruction charge. We disagree and affirm.

The evidence relevant to the disposition of this appeal shows that Ow was stopped for speeding on I-75 in Monroe County. Ow exited his vehicle and immediately demanded to see the officer's laser device. Ow repeated this demand between 25 and 30 times. The officer, Sergeant William Bradford Freeman III, testified that he had been unable to lock in Ow's speed on the device. However, Sergeant Freeman took Ow over to his vehicle and pointed to the device. Ow kept demanding to see the unit, but finally stood quietly while Sergeant Freeman wrote him a traffic citation.

Sergeant Freeman further testified that before asking Ow to sign the citation, he explained that Ow's signature would not constitute an admission of guilt. Ow told the officer he was "not coming back to court." The officer explained that Ow could appear through counsel. Sergeant Freeman then handed Ow the citation book and asked him to sign the ticket. Ow refused. Sergeant Freeman told Ow he would have to come to the sheriff's office to post a bond. When Ow started to walk with Sergeant Freeman, he told Ow to get in his vehicle and follow the officer.

---

[3] See *Mattison v. State*, 215 Ga. App. 635 (1) (451 SE2d 807) (1994).

Sergeant Freeman next testified that he turned to walk away and noticed that Ow was walking toward him very quickly. Sergeant Freeman put his hand up and shouted for Ow to get back. Ow continued to move forward, and Sergeant Freeman's hand "brushed" Ow's chest. Sergeant Freeman told Ow that he was under arrest and tried to grab Ow's hand. Ow tried to knock the officer's hand away, and a scuffle ensued. Sergeant Freeman managed to pin Ow against his vehicle and called for assistance. A state trooper arrived and subdued Ow.

During direct examination, Ow testified that he thought he was supposed to follow Sergeant Freeman to the patrol car. According to Ow, he saw that Sergeant Freeman was very angry, and Ow said, "I'm sorry, let me sign the ticket." Ow testified that he extended his hand, and Sergeant Freeman "turn around real fast and he slammed his hand with his palm into my chest and he say it's too late now."

1. During his cross-examination of Sergeant Freeman, defense counsel sought to introduce into evidence an audiotape, on which the officer attempted to take a statement from Ow and his passenger. Defense counsel tendered the tape for the purpose of showing the demeanor of Ow and the officer and to impeach the officer. The court informed defense counsel that if he wished to introduce the tape for the purpose of impeachment, then counsel would have to lay the foundation. The court instructed counsel on the proper manner in which to lay the foundation. The court then ruled it would not permit the tape into evidence to bolster a witness's testimony. Finally, the court stated: "But if it was for the purpose of impeachment, after a proper foundation, I would certainly admit it at that time." This ruling is enumerated as error.

The requirements for impeaching a witness with a prior inconsistent statement are well settled: "First, the prior statement must contradict or be inconsistent with the witness's in-court testimony; second, the prior statement must be relevant to the case; and, third, the examining attorney must lay the proper foundation with the witness."[1] The third requirement, laying the foundation, is codified in OCGA § 24-9-83: "Before contradictory statements may be proved against [a witness], . . . the time, place, person, and circumstances attending the former statements shall be called to his mind with as much certainty as possible."

These foundation requirements are necessary to allow the witness to explain or deny the prior inconsistent statement. In this regard, the cross-examiner will ask the witness

---

[1] (Citation and punctuation omitted.) *Wynn v. State*, 272 Ga. 861, 862 (2) (535 SE2d 758) (2000).

whether he made the alleged statement, giving its substance, and naming the time, the place, and the person to whom made. If the witness denies the making of the statement, or fails to admit it, then the requirement of "laying the foundation" is satisfied and the cross-examiner, at his next stage of giving evidence, may prove the making of the alleged statement.[2]

Applying the foregoing standards, we hold that the trial court did not err in ruling that defense counsel failed to lay the proper foundation for the admission of the audiotape. Counsel asked Sergeant Freeman the following questions concerning statements he made on the tape:

Q: And you were mad with Ben because he wouldn't sign the ticket that day, isn't that true?
A: I wouldn't use the word mad. I was perplexed but not mad.
Q: And you just didn't understand why he wouldn't sign that ticket, did you?
A: That's correct.
Q: And you kept telling him that because he didn't sign the ticket he bought himself a felony obstruction charge?
A: I believe at points I told him that he turned a simple speeding citation into a felony charge.

Sergeant Freeman made no statement on the audiotape that differed materially from his in-court testimony. On the tape, Ow denied that he was speeding. Sergeant Freeman replied:

Sir I'm not going to argue with you about the speed, okay. You've got a ticket for speeding. Now you're buying some charges for obstruction of an officer. All you had to do was sign that ticket. I explained to you several times that you could sign that ticket and be on your way. But you refused to sign the ticket. I handed you the ticket book. I handed you the pen. I asked you to sign it several times. I explained to you that you were not admitting to guilt, did I not?

We find no material distinction between this statement and the officer's trial testimony that he told Ow he turned a speeding citation into a felony charge. As Freeman did not deny any statement he made, the foundation was not laid, and the audiotape was properly excluded.

We next address Ow's argument that the trial court should have

---

[2] (Citations, footnotes and emphasis omitted.) *Washington v. State*, 251 Ga. App. 206, 211 (2) (553 SE2d 855) (2001).

granted his request to admit the evidence for the purpose of showing demeanor, i.e., that Sergeant Freeman appeared to be angry with Ow. We take this opportunity to reiterate for the bench and bar that although the "admissibility of evidence is a matter which rests largely within the sound discretion of the trial court,"[3] "Georgia courts favor the admission of any relevant evidence, no matter how slight its probative value."[4] However, in the instant case, we hold that error, if any, in the exclusion of the audiotape was harmless. First, the tape only recorded statements made after the scuffle, and the officer's demeanor at that point was largely irrelevant. Second, Ow's passenger testified that throughout the incident, the officer had been "very aggressive" and "mostly yelling." In addition, a county commissioner testified that he had received "numerous complaints about [Sergeant Freeman's] aggressive behavior towards people." Therefore, the tape would have been merely cumulative of other testimony heard by the jury, and its exclusion does not warrant reversal of Ow's conviction.[5]

2. In his second enumerated error, Ow argues that the trial court erred when, in recharging the jury, the trial court explained that the speeding offense was irrelevant to the obstruction charge. We disagree.

Although the state declined to prosecute the speeding charge, that count was not redacted from the indictment. In its initial charge, the court told the jury that "you're going to have an indictment out with you that has two charges on it." Accordingly, the indictment that was sent out with the jury contained one count of felony obstruction and one count of speeding. However, the jury was not charged on the speeding offense; instead, it was charged on two counts of obstruction. Apparently, this confused the jury, because during deliberations, the foreperson asked the court the following question: "Is Count Number 2 a speeding violation or an obstruction of justice . . . without intent to do bodily harm?" The court responded by recharging the jury on the manner in which both felony and misdemeanor obstruction are committed. In addition, the court instructed the jury that the state was not required "to prove the underlying offense, that is the speeding charge in order to be able to proceed with the obstruction of the officer charge." The foreperson stated that he understood. The court then added:

> THE COURT: And the obstruction doesn't have anything to do with the speeding. And you're not here to consider Count

---

[3] (Citation omitted.) *Kellogg v. State*, 233 Ga. App. 817, 819 (505 SE2d 794) (1998).
[4] *Evans v. State*, 233 Ga. App. 879, 881 (3) (506 SE2d 169) (1998).
[5] *Allen v. State*, 247 Ga. App. 10, 14 (2) (543 SE2d 45) (2000).

2, which is the speeding; it is not before you for your consideration. The evidence of that was brought out in that that was the underlying offense for why this man was stopped; do you understand that?

THE FOREPERSON: Yes, sir.

THE COURT: But the proof of the speeding charge itself is not before you. It has nothing to do with the obstruction, and the obstruction has nothing to do with it as far as the evidence is concerned for the proof of Count 1.

The foreperson then commented that the jury was required to determine whether the obstruction was committed with intent to do bodily harm or without such an intent. The court explained that the jury had a choice of one of three verdicts: not guilty, guilty of offering or actually doing violence to the officer, or "guilty of just obstruction without the offering of or actually doing physical violence." Finally, the court reiterated that if the jury had a reasonable doubt as to Ow's guilt of either of these offenses, it should acquit him.

Ow argues that, because the state must prove that the officer was in the lawful discharge of his official duties as an essential element of obstruction, the trial court should have informed the jury during the recharge that if it found no probable cause for Ow's arrest for speeding, then he could not be found guilty of obstruction. We cannot agree. First, "[i]t is not necessary for the State to prove the underlying offense that causes the officers to act; it is only necessary to prove the elements of the obstruction statute, i.e., that the act constituting obstruction was knowing and wilful, and that the officer was lawfully discharging his official duties."[6] Second, Ow's suggested instruction would not have responded to the jury's question. It is clear from the transcript that the jury's confusion arose from the fact that the speeding charge was not redacted from the indictment. The jury wanted to know whether it needed to return a verdict on that count, and the court's recharge was appropriately tailored to answer that question. There was no inquiry as to whether the officer was lawfully discharging his duties when he cited Ow for speeding. The jury was concerned with the necessity of returning a verdict on the speeding charge, not as appellate counsel suggests, the sufficiency of the evidence to support that count. Moreover, the officer had probable cause to arrest for a traffic violation committed within his presence.[7]

---

[6] (Citation and punctuation omitted.) *Kight v. State*, 181 Ga. App. 874, 875 (1) (354 SE2d 202) (1987).

[7] *Pinchon v. State*, 237 Ga. App. 675, 676 (516 SE2d 537) (1999); *Moore v. State*, 234 Ga. App. 332, 334, n. 1 (506 SE2d 685) (1998).

Finally in this regard, Ow argues that "[m]erely reciting the code section and instructing the jury that the state was required to prove that the officer was engaged in the lawful discharge of his duties was not sufficient." This argument mischaracterizes the court's charge. The trial court fully and correctly instructed the jury on the essential elements of the offense of obstruction of an officer. In connection with the misdemeanor offense, the court charged that

> a person commits the offense of obstruction of an officer when that person knowingly and willfully obstructs or hinders a law enforcement officer in the lawful discharge of his official duties. Now, this offense may be committed by acts which, while not otherwise unlawful, have the effect of obstructing or hindering law enforcement officers while carrying out their duties. . . . This does not make criminal any actions which incidentally hinder an officer. The accused must have knowingly and willfully obstructed or hindered the officer. Whether or not the actions of the defendant did hinder or impede the officers in carrying out their assigned duties is for you to decide.

The charge was nearly identical to the pattern charge.[8] The trial court also instructed the jury that the state has the burden of proving every essential element of the crime charged beyond a reasonable doubt. "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error."[9] There was no error. This enumeration is meritless.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED APRIL 17, 2002.

*Garland, Samuel & Loeb, Edward T. Garland*, for appellant.
*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.

---

[8] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed.), p. 162.
[9] (Citations and punctuation omitted.) *Brown v. State*, 197 Ga. App. 365, 366 (2) (398 SE2d 424) (1990).