## A03A0622. ROBERSON v. THE STATE.
### (581 SE2d 663)

MILLER, Judge.

A jury found Bradley Ray Roberson guilty of aggravated assault. He appeals, claiming that the court erred in excluding a prior inconsistent statement made by the victim. Since the prior statement did not contradict the victim's testimony, it was properly excluded by the court. Accordingly, we affirm.

Construed in favor of the verdict, the evidence showed that Roberson and the victim were riding as passengers in a vehicle when they began arguing. Using a knife, Roberson cut the victim across his face, and after the weaponless victim struck back with his fist, Roberson cut the victim a second time on the throat. The vehicle stopped and the victim exited to continue the fight outside the vehicle, and the driver sped off with Roberson inside. Responding to an emergency call, police found the bleeding victim with open, gaping wounds and took him to a hospital, where he received 78 stitches.

Roberson admitted to police that he cut the victim but claimed that he acted in self-defense. He was charged with aggravated assault. At trial he sought to show that the victim had struck first and had provoked the confrontation at the behest of the victim's employer (Steve Bailey), who was allegedly unhappy that his daughter was dating Roberson. During cross-examination of the victim, Roberson's counsel asked whether the victim had told others that he had "kicked [Roberson's] ass because . . . Steve Bailey had asked [him] to do that?" The victim flatly denied making such a statement, explaining, "I never said I kicked [Roberson's] ass for nobody."

Roberson then proffered the testimony of a witness who heard the victim state that Bailey had asked him to beat up Roberson. The trial court excluded the testimony as inadmissible hearsay, which ruling Roberson enumerates as error. Roberson argues that under the hearsay exception set forth in OCGA § 24-9-83 and *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982), the proffered testimony was a prior inconsistent statement that was admissible as impeachment if not substantive evidence.

A prior inconsistent statement is admissible for such purposes only if it meets the three criteria set forth in *Duckworth v. State*, 268 Ga. 566, 567 (1) (492 SE2d 201) (1997): "First, the prior statement must contradict or be inconsistent with the witness's in-court testimony; second, the prior statement must be relevant to the case; and,

third, the examining attorney must lay the proper foundation with the witness." (Footnote omitted.)

The statement here failed to meet even the first criterion. The victim testified only that he never told anyone that the reason he beat up Roberson was because Bailey had asked him to do so. Thus, the import of this testimony was that regardless of whether Bailey had made such a request, the victim beat up Roberson for other reasons, or at least that is what he maintained to others; he never denied, however, that such a request was made of him. Thus, the proffered testimony that the victim admitted that Bailey made such a request of him in no way contradicted or was inconsistent with his trial testimony. Absent the contradiction, the trial court properly excluded the hearsay testimony. *Ow v. State*, 255 Ga. App. 98, 99-100 (1) (564 SE2d 512) (2002).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED APRIL 16, 2003.

*Dennis C. O'Brien*, for appellant.

*Patrick H. Head, District Attorney, Amy H. McChesney, Jesse D. Evans, Assistant District Attorneys*, for appellee.