## A09A0195. YEARWOOD v. THE STATE.
### (678 SE2d 114)

MILLER, Chief Judge.

A jury convicted Janet Marie Yearwood of one count of aggravated battery (OCGA § 16-5-24 (a)), one count of cruelty to children — first degree (OCGA § 16-5-70 (b)), one count of cruelty to children — second degree (OCGA § 16-5-70 (c)), and one count of family violence battery (OCGA § 16-5-23.1 (f)). Yearwood appeals from the denial of her motion for new trial, as amended, challenging the sufficiency of the evidence as to her conviction of aggravated battery and the trial court's charge to the jury on parties to a crime. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)), the evidence shows that on June 27, 2006, the two-year-old victim was seen by Todd Jordan, M.D., in the emergency room of the Northeast Georgia Medical Center. The child was vomiting and lethargic, had multiple bruises over the whole of her body, and switch marks on her buttocks and thighs. Dr. Jordan first suspected child abuse, specifically shaken baby syndrome, but later diagnosed a skull fracture based on the CT scans which he ordered. Dr. Jordan observed one of

YALE LAW LIBRARY

the bruises to the child's head in the vicinity of the skull fracture and opined that the bruise was consistent with hitting a flat hard object with considerable force. Given the foregoing, the police were called to investigate.

Yearwood, the child's mother, and her boyfriend, Adam Stephens, whom Yearwood later married, initially told police that they had no knowledge as to how the child had been injured. Subsequently, both agreed that Yearwood had spanked the child with a switch after Stephens told her that the child had hit his mother earlier in the day. In a further statement while at the hospital, Stephens told police that it was possible that the child received the skull fracture by squirming around and hitting the couple's coffee table while Yearwood administered the spanking. Numerous photographs taken by Cameron Durham, a crime scene investigator, documented bruises and lumps to the child's cheeks and face, on her chin, bruises on the front and back of her shoulders in a finger print pattern, bruises on her knees and legs, an abrasion on the back of her head, and bruises on her buttocks as well as 17 switch marks on both her buttocks and thighs.

On June 29, 2006, the child was transferred to Children's Healthcare of Atlanta for further treatment. There the child was seen by Jordan Greenbaum, M.D. After examining the child, Dr. Greenbaum opined that the child had been subjected to "severe physical abuse in the form of many soft-tissue bruises and a head injury."

1. Yearwood argues that her conviction of aggravated battery must be reversed because the State's evidence was not sufficient to prove serious disfigurement. We disagree.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). Neither do we weigh the evidence or determine witness credibility. Id. Instead, we determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson*, supra, 443 U. S. 307.

"A person commits aggravated battery when he or she maliciously causes bodily harm to another by . . . seriously disfiguring his or her body or a member thereof." (Punctuation and footnote omitted.) *Parnell v. State*, 280 Ga. App. 665, 667 (1) (c) (634 SE2d 763) (2006). Aggravated battery predicated upon serious disfigurement, whether temporary or permanent, requires proof that "the injury inflicted was more than a superficial wound, that is, a scrape, bruise, discoloration, or swelling. [Cits.]" *Williams v. State*, 248 Ga. App. 316, 319 (1) (546 SE2d 74) (2001). Inasmuch as the circum-

stances inevitably vary in each case of aggravated battery, "whether disfigurement is serious is best resolved by the factfinder on a case-by-case basis . . . [and] is almost always a question for the jury. [Cit.]" Id. at 318 (1).

Here, in addition to the numerous visible injuries inflicted upon the child, the CT scans ordered by Dr. Jordan showed a fracture to the child's skull which necessitated a long period of hospitalization. This evidence, when viewed in the light most favorable to the jury's verdict, was sufficient to enable a rational trier of fact to find beyond a reasonable doubt the infliction of serious disfigurement necessary to establish the offense of aggravated battery.

Yearwood further argues that the State's evidence of aggravated battery was insufficient because the trial court failed to instruct the jury on the full statutory definition of "visible bodily harm," one of the elements of the offense of battery, i.e., that "the term visible bodily harm means bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to [the] body." (Punctuation omitted.) OCGA § 16-5-23.1 (b); see also *Carroll v. State*, 293 Ga. App. 721, 723-724 (1) (667 SE2d 708) (2008) (requiring the full instruction). We need not consider this argument because our review of a claim of insufficient evidence, as here, is limited to the evidence alone. *Jackson*, supra, 443 U. S. 307. Such limitation aside, the trial court gave its charge on battery less the statutory definition of visible bodily harm at Yearwood's request, and Yearwood did not object to the charge as given. As to Yearwood's request to charge aggravated battery, a party cannot induce error and complain later. *Stewart v. State*, 239 Ga. 588, 590 (6) (238 SE2d 540) (1977). As to Yearwood's failure to object to the charge as given, "a party cannot complain of the giving of an instruction to the jury unless he objects thereto after the court has instructed the jury and before the jury returns a verdict." (Citations and punctuation omitted.) *Johnson v. State*, 293 Ga. App. 294, 296 (2) (666 SE2d 635) (2008).

2. Further, Yearwood contends that the trial court erred in charging the jury on parties to a crime, arguing that there was no evidence to support a charge thereon. Again, we disagree.

"A charge on parties to a crime is error only where there is insufficient evidence, circumstantial or otherwise, to support the theory." (Footnote omitted.) *Nation v. State*, 252 Ga. App. 620, 623 (4) (556 SE2d 196) (2001). Here, it is undisputed that Yearwood and Stephens were present at the time the child was beaten and injured; they talked about what had occurred prior to punishing the child; they subsequently talked about what had occurred; they discussed when to take the child to the hospital; and they feigned ignorance as

to how the child had been injured upon being interviewed by police. At trial, they tried to blame each other for what had occurred. Stephens indicated that the child might have hit her head on a coffee table as the punishment was administered. Yearwood testified that she thought Stephens could have hurt the child, while her lawyer more pointedly argued that Stephens, in fact, was the perpetrator.

Even were it otherwise, where there is no reasonable possibility that an erroneous charge on parties to a crime misled the jury or permitted a defendant's conviction on an erroneous theory, the error is harmless. *Welch v. State*, 163 Ga. App. 383 (2) (294 SE2d 596) (1982). This is such a case. At trial, Yearwood admitted to the switching and that she caused some of the bruising to the child. No one testified that any other party caused the child's injuries. As to Stephens, Yearwood testified only that he might have done so. The only theory that anyone other than Yearwood harmed the child came from her trial counsel who offered no evidence to that effect.

Under these circumstances, the trial court did not err in charging the jury on parties to a crime.

For the reasons set forth above, we affirm the trial court's order denying Yearwood's motion for a new trial.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED APRIL 29, 2009.

*Adam S. Levin, H. Bradford Morris, Jr.*, for appellant.
*Lee Darragh, District Attorney, Wanda L. Vance, Assistant District Attorney*, for appellee.