**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 18, 2014**

# In the Court of Appeals of Georgia

A13A2057. EARWOOD v. THE STATE.                    DO-077 C

DOYLE, Presiding Judge.

Jeremy Earwood was convicted of cruelty to children in the first degree[1] and aggravated battery.[2] Thereafter, he filed a motion for new trial, which the court granted as to the cruelty to children count, finding that its failure to give a requested jury instruction that reckless conduct was a lesser included offense of first degree cruelty to children was error, but denied the motion as to the aggravated battery count. Earwood now appeals as to his conviction for aggravated battery, alleging that the trial court's failure to give the jury an instruction for reckless conduct as a lesser included offense of the cruelty to children count contributed to the jury's return of a

---

[1] OCGA § 16-5-70 (b).

[2] OCGA § 16-5-24 (a).

guilty verdict as to the aggravated battery count. For the reasons that follow, we affirm.

On appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[3] This same standard applies to our review of the trial court's denial of [the defendant's] motion for new trial. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]

So viewed, the evidence shows that on December 6, 2008, Earwood was babysitting C. V., the three-year-old son of Earwood's girlfriend, R. V., and C. V.'s younger brother. C. V. fractured his arm, and Earwood called R. V., and the two transported C. V. to the hospital. Earwood claimed that C. V. injured it falling off the couch.

The State presented the testimony of doctors who treated C. V., who stated that the fracture was a spiral type, which is associated with a torque or rotation of the bone

---

[3] 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

[4] (Footnotes omitted.) *Stephens v. State*, 247 Ga. App. 719 (545 SE2d 325) (2001).

2

and which is often associated with an injury inflicted on a child by another person. C. V. gave differing accounts of how he sustained the injury, stating that he injured his arm falling off the couch and that his arm was injured when Earwood grabbed him. The evidence also showed that C. V. had sustained a broken clavicle approximately one month prior to the broken arm while he was in the care of Earwood.

In relation to the aggravated battery charge, the trial court charged the jury that

[i]n Count 2 the defendant is charged with the offense of aggravated battery. A person commits the offense of aggravated battery when he maliciously causes bodily harm to another by rendering a member of his body useless permanently or temporarily. I'll now charge you with a lesser included offense under Count 2, and I'll discuss with you in just a moment what lesser included offense means. Basically it is if you were to find the defendant not guilty under Count 2 of aggravated battery, you would consider whether or not he was guilty of the lesser included offense of reckless conduct. If you do not believe beyond a reasonable doubt that the defendant is guilty of aggravated battery, but do believe beyond a reasonable doubt that the defendant is guilty of reckless conduct, then you would be authorized to find the defendant guilty of reckless conduct, and the general form of your verdict would be, we the jury, find the defendant guilty of reckless conduct. Reckless conduct is defined as follows: A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a

3

substantial and unjustifiable risk that its act or omission will cause harm or endanger the safety of other persons, and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation, is guilty of the crime of reckless conduct. . . . As to the lesser included offense under Count 2, if you do not believe beyond a reasonable doubt the defendant is guilty of aggravated battery, but do believe beyond a reasonable doubt the defendant is guilty of reckless conduct, then you would be authorized to find the defendant guilty of reckless conduct and the general form of your verdict in that event would be, we, the jury, find the defendant guilty of reckless conduct.

The verdict form itself contained two possible findings for Count 1 (not guilty or guilty as to cruelty to children in the first degree) and three possible findings for Count 2 (not guilty, guilty of aggravated battery, or guilty of reckless conduct). With regard to the form, the trial court instructed the jury that

[b]elow that it says Count 2 charging aggravated battery, circle one of the following. There are three statements. The first statement is we, the jury, find the defendant not guilty. The second statement is we, the jury, find the defendant guilty of aggravated battery. And the third statement is we, the jury, find the defendant guilty of reckless conduct. You would circle the one that you find based on those principles. For example, if you were to find the defendant not guilty you would circle the first one, we the jury, find the defendant not guilty. If you were to find the defendant guilty of aggravated battery you would circle the second one,

4

we, the jury, find the defendant guilty of aggravated battery. And if you were to find the defendant not guilty of the aggravated battery, but guilty of reckless conduct, then you would circle the third one, which is, we, the jury, find the defendant guilty of reckless conduct.

The jury asked five questions to the trial court during its deliberations. Those questions were (1) "Can we see the Green House video and/or transcripts"; (2) "What is the definition of malic[i]ous in the context of both charges"; (2) "What is the standard of reasonable doubt"; (3) "What are the difference[s] in Count 1 [and] Count 2"; and (4) "Does action have to be . . . malicious? intentional?"

1. Although Earwood does not challenge the sufficiency of the evidence, there was sufficient evidence to support the jury's guilty verdict as to aggravated battery.[5]

2. Earwood argues that the trial court erred by denying his motion for new trial as to the aggravated battery count based on the trial court's failure to charge the jury that reckless conduct was a lesser included charge of cruelty to children. The failure, Earwood argues, confused the jury and impermissibly contributed to the guilty verdict on the aggravated battery charge.

---

[5] See OCGA § 16-5-24 (a) ("A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof.").

5

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error."[6] Moreover,

> [w]hen a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence.[7]

Here, taking the jury instructions as a whole, it was not likely that the jury was confused about whether it could find Earwood guilty of aggravated battery or reckless conduct as to Count 2 based on the trial court's failure to instruct the jury as to the lesser included charge on Count 1.[8] The verdict form was clear, and the trial court's instruction as to aggravated battery was a correct statement of the law.[9] It does not

---

[6] (Punctuation omitted.) *Ow v. State*, 255 Ga. App. 98, 103 (2) (564 SE2d 512) (2002).

[7] (Punctuation omitted.) *Robison v. State*, 277 Ga. App. 133, 136 (2) (625 SE2d 553) (2006), quoting *Pullins v. State*, 232 Ga. App. 267 (1) (a) (501 SE2d 612) (1998).

[8] See, e.g., *Robison*, 277 Ga. App. at 136 (2).

[9] See OCGA § 16-5-24 (a).

follow that the lack of a lesser included charge on Count 1 means that the jury believed that it could not find Earwood guilty of reckless conduct on Count 2 because the jury would not have known that there was even a possible lesser included charge for Count 1. Had the jury believed that Earwood had not acted intentionally, it could have acquitted him on Count 1 and found him guilty of reckless conduct on Count 2. Accordingly, the trial court properly denied Earwood's motion for new trial as to this issue.

*Judgment affirmed. McFadden and Boggs, JJ., concur.*