Rickman, Judge, concurring in part and dissenting in part.
*627 I fully concur with Divisions 2, 3, and 4 (b) of the majority opinion, except for the last sentence of the opinion, and respectfully dissent as to Divisions 1 and 4 (a) because the State failed to carry its burden of proving the "seriously disfiguring" element of the offense of aggravated battery as charged in the indictment.
OCGA § 16-5-24 (a) sets forth three methods of committing aggravated battery - by "maliciously caus[ing] bodily harm to another [either] by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." The State opted to indict Weaver under the "seriously disfiguring" method, but failed to prove that element of the crime.[1]
The aggravated battery statute does not define "serious disfigurement" and there are no well-defined guidelines for this element of aggravated battery. To define disfigurement, we have previously looked to Black's Law Dictionary. See Williams v. State , 248 Ga. App. 316, 318 (1), 546 S.E.2d 74 (2001) ("Black's Law Dictionary defines disfigurement as that which impairs or injures the appearance of a person"); see also Black's Law Dictionary (10th ed. 2014) (disfigurement defined as "[a]n impairment or injury to the appearance of a person or thing"). The term "appearance," as relevant here, is defined as "external show" or "outward aspect." See Merriam-Webster's Online Dictionary (June 2019).
As noted by the majority, "whether fractured bones constitute serious disfigurement will depend on the specific facts of the case." Harris v. State , 272 Ga. App. 366, 369 (2), 612 S.E.2d 557 (2005). In prior cases where we have held that the trier of fact was authorized to conclude that fractured bones constituted serious disfigurement, at least some evidence was presented that the victim's appearance was altered in some way. See, e.g., Bray v. State , 330 Ga. App. 768, 772 (1), 768 S.E.2d 285 (2015) ("evidence that the victim fractured a bone, combined with photographs showing bruising or other visible injuries in the area of the fracture, can constitute sufficient evidence of serious disfigurement"); Feagin v. State , 317 Ga. App. 543, 545 (1), 731 S.E.2d 778 (2012) (jury authorized to find serious disfigurement where evidence included photographs depicting victim's severely swollen and bruised left eye, along with testimony that victim's eye was swollen shut and her eye socket was fractured); Yearwood v. State , 297 Ga. App. 633, 635 (1), 678 S.E.2d 114 (2009) (evidence sufficient for jury to find serious disfigurement where evidence was presented of numerous visible injuries inflicted upon the child, including a bruise to the child's head in the vicinity of the skull fracture revealed by the CT scans ); Underwood v. State , 283 Ga. App. 638, 641 (3), 642 S.E.2d 324 (2007), overruled on other grounds by Willis v. State , 304 Ga. 686, 706 (11) (a) n.3 820 S.E.2d 640 (2018) (jury could reasonably find that victim's broken nose constituted serious disfigurement where victim testified that he was able to feel his nasal bones moving around and "his nose was all laid over close to his right eye," and State introduced into evidence photographs depicting injuries to the victim's nose and surgeon's testimony that the procedure used to repair the nose involved re-breaking the patient's nose and replacing it in its proper position); Hopkins v. State , 255 Ga. App. 202, 204 (1), 564 S.E.2d 805 (2002) (victim showed jurors her injuries as she testified that her arm was not only broken, but also jerked out of place; based on this testimony and what they saw, jurors could have found that victim's arm was seriously disfigured before it was set back in place); Ganas v. State , 245 Ga. App. 645, 646 (1), 537 S.E.2d 758 (2000) (jury could have found temporary serious disfigurement where witnesses described the broken finger on the date of the battery as in an "unusual position," as "bent back to where it was broken," and as "just hanging there"); Silvers v. State , 245 Ga. App. 486, 486 (1), 538 S.E.2d 135 (2000) (evidence was sufficient to support *628 aggravated battery conviction where evidence showed that victim's nasal bone was shattered, resulting in permanent injury to victim's sinuses; and State introduced photographs of the victim's black eyes, bruised face, and severely swollen nose); Christensen v. State , 245 Ga. App. 165, 167-168 (3), 537 S.E.2d 446 (2000) (motion for directed verdict properly denied where evidence showed that victim's eye socket was fractured, he received multiple stitches, and his eye was severely blackened); Pollard v. State , 230 Ga. App. 159, 160 (1), 495 S.E.2d 629 (1998) (rational trier of fact could have found broken nose constituted serious disfigurement where photographs of the victim's facial injuries were introduced in evidence, victim's treating physician described her injuries as a nasal fracture with an "extremely deviated" septum and testified victim had bruising under each of her eyelids); In Interest of H. S. , 199 Ga. App. 481, 405 S.E.2d 323 (1991) (where victim suffered a broken nose and a laceration to the scalp requiring several stitches, evidence authorized a finding that victim had incurred at the very least a temporary serious disfigurement to his head).
The majority cites to no cases in which we have held that the existence of a fracture alone is sufficient to constitute "serious disfigurement" and discounts the relevant existing authority. Instead, the majority relies heavily on Byrd v. State , 251 Ga. App. 83, 84 (1), 553 S.E.2d 380 (2001), a case in which this court concluded that a jury could find serious disfigurement even though the injury was not immediately visible where the evidence showed that the victim's husband bit off a portion of her clitoris, causing the victim to experience bleeding, scarring, abrasion, and pain to her genital area. Id. Byrd , however, is distinguishable because the injuries there would have been visible upon physical examination and here the only evidence presented to show serious disfigurement was testimony that the fractures existed; the expert testified that no injuries were visible upon a physical examination and that these types of fractures would not typically leave any bruises or other marks on the outside of the body. And unlike the other cases relied upon by the majority, this case does not involve severe injuries to internal organs. The issue here is whether medical testimony stating that fractures existed, without more, is sufficient to prove "serious disfigurement" under the aggravated battery statute. The expert did not testify that any "disfigurement" resulted from the fractures and no other evidence was introduced depicting the baby's actual injuries or demonstrating any alteration to the baby's appearance as a result of the injuries.[2]
Because the State presented no evidence from which the jury could find any impairment or injury to the baby's appearance, the State has failed to carry its burden of proving the "seriously disfiguring" element of the offense of aggravated battery. Accordingly, we should reverse Weaver's convictions for aggravated battery. See Williams , 248 Ga. App. at 319 (1), 546 S.E.2d 74.

Cf. Earwood v. State , 326 Ga. App. 794, 797 (1), 755 S.E.2d 312 (2014) (evidence of fractured arm sufficient to support jury's guilty verdict as to aggravated battery charge based on maliciously causing bodily harm to another by rendering a member of his or her body useless).

The majority's repeated emphasis on the type of force used to cause the injuries is not relevant to our determination of whether the resulting injuries constituted "serious disfigurement."